ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ECO, PSC<br><br>RECURRENTE<br><br>V.<br><br>JUNTA DE SUBASTAS GOBIERNO MUNICIPAL DE CULEBRA<br><br>RECURRIDO<br><br>MARVEL ARCHITECTS, LANSCAPE ARCHITECTS, LLC<br><br>PARTE CON INTERÉS | KLRA202300632 | Revisión Administrativa de Subasta Municipal del Gobierno Municipal de Culebra<br><br>Núm. Propuesta 2022-2023-10<br><br>Sobre: Impugnación del proceso relacionado a la Solicitud de Propuesta "Request for Proposals for Architectural and Engineering services for PR-CRP-000753 ´First Affordable, Sustainable and Resilient Housing Project on the Island of Culebra´" |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

Comparece ante nosotros ECo, PSC (ECo o recurrente) y cuestiona la adjudicación de la solicitud de propuestas[1] que realizó la Junta de Subastas del Gobierno Municipal de Culebra (Municipio), emitida y notificada el 22 y 28 de noviembre de 2023, respectivamente.

Por los fundamentos que exponemos a continuación, ordenamos la desestimación del recurso por falta de jurisdicción.

**I.**

---
[1] Apéndice, págs. 1-5.

Número Identificador

SEN2023_____

El 19 de diciembre de 2022, el Municipio extendió una invitación a las empresas que ofrecen servicios de arquitectura e ingeniería a que sometan sus propuestas para el Primer Proyecto de Vivienda Asequible, Sostenible y Resiliente en la Isla de Culebra, Núm. PR-CRP-000753.[2] Respondieron a la referida convocatoria 8 proponentes, a saber: YSA Architecture; Marvel Architects, Landscape Architects, LLP (Marvel); RCMDO Arquitectos; Integra Design Group, PSC; TCM Group LLC; PS, LLC; LE López Engineering Group y ECo.

El 22 de noviembre de 2023, mediante el documento intitulado *Notice of Award,* el Municipio adjudicó la buena pro a Marvel. Inconforme, ECo comparece ante nos mediante el presente *Recurso de Impugnación de Subasta* y señala que:

> Erró el Municipio al emitir una notificación de adjudicación que no cumple con los requisitos mínimos que establece [el] Código Municipal de Puerto Rico y la reglamentación aplicable, faltando así al debido proceso de ley.
>
> Erró y abusó de su discre[c]ión el Municipio al adjudicar la solicitud de propuesta a favor de un proponente que no cumplió con los requ[i]sitos mandatorios que establecían las instrucciones a proponentes de la solicitud de propuesta núm. 2022-2023-10.
>
> Erró y abusó de su discre[c]ión el Municipio en la evaluación de la propuesta de ECo, debido a que la notificación de adjudicación refleja irregularidades en el proceso de selección del proponente agraciado.

Hemos examinado con detenimiento el recurso de ECo y su correspondiente apéndice y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 +LPRA Ap. XXII-B, R. 7 (b) (5).

**II.**

Los municipios y el gobierno central adquieren bienes y servicios mediante el requerimiento de propuestas (RFP), además de a través de la subasta tradicional. *PR Eco Park et al. v. Mun. de*

---

[2] Apéndice, págs. 6-32.

*Yauco*, 202 DPR 525, 531 (2019).[3] El RFP es un procedimiento informal y flexible, mayormente utilizado para adquirir bienes y servicios especializados para lo cual existen pocos competidores cualificados o que comprenden aspectos sumamente complejos. *Íd.* Al igual que la subasta formal, la adjudicación de una propuesta de subasta se puede cuestionar mediante el recurso de revisión judicial, en función del debido proceso de ley que cobija a los proponentes. *Íd.* El Tribunal Supremo ha enfatizado que, para que las notificaciones de las subastas sean adecuadas, éstas tienen que cumplir con varios requisitos de carácter jurisdiccional. *Íd.*

En lo pertinente, el Artículo 1.050 del Código Municipal, según enmendado, 21 LPRA sec. 7081, establece qué debe contener el acuerdo final o la adjudicación de la Junta de Subastas para ser revisable ante el Tribunal de Apelaciones, a saber:

> […]
> El Tribunal de Apelaciones revisará el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. **La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en autos de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término.** La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio. (Énfasis nuestro.)

Análogamente, la Sección 13 del Capítulo VIII, Parte II, del Reglamento Núm. 8873, *Reglamento para la Administración Municipal de 2016,* dispone que la notificación de adjudicación debe contener:

> a) nombre de los licitadores;
> b) síntesis de las propuestas sometidas;
> c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;
> d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

---

[3] Véase, además, el Artículo 2.035 del Código Municipal de Puerto Rico (Código Municipal), Ley Núm. 107-2020, 21 LPRA sec. 7211.

e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

Sobre los efectos de que la Junta de Subastas municipal emita una notificación defectuosa, el Tribunal Supremo advirtió en *PR Eco Park et al. v. Mun. de Yauco*, supra, que la notificación de una adjudicación de subasta que no consigne las advertencias de rigor priva de jurisdicción al Tribunal de Apelaciones. Ello debido a que, *"[s]ólo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial." Íd.*, pág. 534.[4] Por consiguiente, es prematuro el recurso que se presente ante un tribunal de mayor jerarquía para revisar una adjudicación de propuesta cuya notificación es defectuosa. *Íd.* Asimismo, enfatizó que la falta de jurisdicción sobre la materia es una defensa irrenunciable, que puede ser planteada por el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas. *Íd.* Añadió, además, que los tribunales tenemos el deber ministerial de evaluar el planteamiento con rigurosidad. *Íd.*

Es norma conocida que, un recurso prematuro priva de jurisdicción al tribunal al cual se recurre. *Íd.*, escolio 25. Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Íd.* Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020).

**III.**

Surge del tracto procesal que, ECo cuestiona el dictamen impugnado, entre otros, porque el Municipio presuntamente no

---

[4] Citando a *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30 (2000).

emitió una notificación de adjudicación que cumpla con los requisitos mínimos que dispone el Código Municipal.

Al evaluar el *Notice of Award* que emitió el Municipio referente a la adjudicación de la propuesta en controversia, observamos que su notificación es defectuosa, tal cual ocurrió en *PR Eco Park et al. v. Mun. de Yauco*, supra, el cual también versa sobre un RFP. Según los criterios que establecen el Reglamento Núm. 8873, el Artículo 1.050 del Código Municipal, *supra,* y su jurisprudencia interpretativa, el Municipio solo cumplió con algunos de los requisitos impuestos para una adecuada notificación de adjudicación de subasta. Específicamente, el Municipio advirtió a los participantes de su derecho a solicitar la revisión judicial ante este Tribunal; indicó que el término para acudir en alzada es de diez (10) días; e hizo constar que dicho término comienza a transcurrir desde la fecha del depósito en el correo.

Sin embargo, el Municipio no advirtió que el término de diez (10) días para acudir en alzada es de carácter jurisdiccional; no incluyó una síntesis de las propuestas sometidas; no estableció los criterios que tomó en cuenta para no adjudicar a todos los licitadores perdidosos; y omitió incluir tanto la fecha de archivo en autos de la copia de la notificación, como la fecha del depósito en el correo de la notificación de la adjudicación, a partir de la cual comenzará el término para impugnar ante esta Curia.[5] Entiéndase que, el Municipio falló en consignar dos fechas fundamentales: la del archivo en autos y la del depósito en el correo. Conforme al Derecho expuesto, las referidas fechas son un requisito jurisdiccional y su omisión en la comunicación que envió el Municipio nos priva de jurisdicción. Lo antes, por cuanto tiene el efecto de que los términos para recurrir ante esta Curia no han comenzado a transcurrir.

---

[5] Si bien es cierto que el Municipio anejó una copia del sobre del cual surge la fecha en que el Servicio Postal de los Estados Unidos plasmó su sello a modo de acreditar la fecha del depósito en el correo, la referida fecha no surge de la notificación de la adjudicación tal cual lo requieren la legislación y la jurisprudencia aplicables.

De otro lado, debemos señalar que, las razones para adjudicar la buena pro a Marvel y para rechazar la propuesta de ECo resultan insuficientes. El Municipio se limitó a indicar que la primera obtuvo referencias positivas y que no obtuvo referencias sobre ECo, sin más. Sin la mencionada especificación, se privó a la recurrente en este caso de la información necesaria en aras de garantizar un debido proceso de ley y la revisión judicial correspondiente. A lo antes añadimos que, participaron de esta invitación a RFP ocho (8) proponentes, sin embargo, el Municipio solo mencionó a Marvel y a ECo en su dictamen adjudicativo.

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.* Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

**IV.**

Por los fundamentos antes expuestos, ordenamos la desestimación del recurso presentado por ECo por falta de jurisdicción ante su presentación prematura.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones