| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| DAMIÁN DÍAZ ALBARRÁN<br>**Recurrente**<br><br>V.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br>**Recurrido** | KLRA202400611 | *REVISIÓN ADMINISTRATIVA* procedente de la Autoridad de Acueductos y Alcantarillados<br><br>Querella Núm. 2024-06-1245<br><br>SOBRE: Obligaciones |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 21 de noviembre de 2024.

El 31 de octubre de 2024, el Sr. Damian Díaz Albarran (señor Díaz o recurrente) compareció ante nos mediante un *Recurso de Revisión de Decisión Administrativa* y solicitó la revisión de una misiva que emitió la Autoridad de Acueductos y Alcantarillados (AAA o recurrido) el 13 de septiembre de 2024. En esta carta, la AAA atendió una solicitud de vista administrativa que presentó el recurrente. Particularmente expresó que dicha solicitud no se presentó dentro del término estipulado en la Ley Núm. 33 de 27 de junio de 1985, según enmendada, también conocida como *Ley para Establecer Requisitos Procesales Mínimos para la Suspensión de Servicios Públicos Esenciales,* 27 LPRA sec. 262, *et seq.* (Ley Núm. 33-1985). Así pues, puntualizó que la determinación que había tomado el Asesor Técnico de la AAA en el nivel apelativo era final e inapelable. De este modo, le informó al recurrente que su cuenta reflejaba un balance de $3,376.75 por lo que tenía un término de diez (10) días para realizar el referido pago.

Por los fundamentos que expondremos a continuación, ***desestimamos*** el recurso por falta de jurisdicción.

## I.

Según la AAA, el señor Díaz objetó unas facturas de servicios de acueducto y alcantarillado correspondientes a los meses de junio y julio del 2024 por la cantidad de $1,687.46 cada una, a través del procedimiento que dispone la Ley Núm. 33-1985, *supra.*[1] Ante ello, el 18 de junio de 2024, la AAA le cursó una misiva al recurrente mediante la cual informó que había realizado una investigación para verificar las instalaciones de la Autoridad y que mediante esta se pudo corroborar que la lectura del contador de agua fue correcta y que no se encontraron ningunas deficiencias en las instalaciones.[2] A tales efectos, concluyeron que los cargos facturados procedían. En virtud de ello, le informaron al recurrente que de estar en descuerdo con esta determinación, la Ley Núm. 33-1985, *supra,* le concedía un término de diez (10) días para presentar una reconsideración de la determinación ante la AAA. Por último, le advirtieron que de no presentar una solicitud de reconsideración o de no recibir el pago correspondiente, la determinación advenía final e inapelable y la AAA podía suspender los servicios de agua en cualquier momento.

Así las cosas, conforme alegó la AAA, el recurrente presentó una solicitud de reconsideración.[3] Evaluada la solicitud de reconsideración, el 1 de julio de 2024, una asesora técnica de la AAA le remitió al recurrente una carta en la cual le informó que de un análisis que se realizó del historial de lecturas y facturaciones, no se encontró ningún error que ameritara un ajuste en las facturas.[4] Particularmente, puntualizó que el cargo facturado se debía al mayor consumo para el periodo o deficiencias en las instalaciones

---

[1] La parte recurrente no incluyó como parte de su apéndice la querella que presentó objetando dichas facturas por lo que la información provista surge de la *Oposición a la Revisión de la Decisión Administrativa* que presentó la AAA.

[2] Véase, pág. 3 del apéndice del recurso.

[3] Este hecho procesal surge de la *Oposición a la Revisión de la Decisión Administrativa* que presentó la AAA toda vez que el recurrente no incluyó la solicitud de reconsideración como parte de su apéndice.

[4] Véase, pág. 2 del apéndice del recurso.

anteriores que eran responsabilidad del cliente. Así pues, le expresó al recurrente que actualmente su cuenta reflejaba un balance pendiente de pago de $1,660.48. En vista de lo antes expuesto, le informó al recurrente que tenía un término de diez (10) días conforme lo disponía la Ley Núm. 33-1985, *supra*, para pagar los cargos o solicitar una vista administrativa. Por último, le advirtieron que de no presentar una solicitud de vista administrativa o de no recibir el pago correspondiente, la determinación advenía final e inapelable y la AAA podía suspender los servicios de agua en cualquier momento.

Posteriormente, según alegó la AAA, el señor Díaz presentó una solicitud de vista administrativa fuera del término provisto por ley.[5] Así las cosas, el 13 de septiembre de 2024, la AAA le remitió al recurrente una carta expresando que la solicitud de vista administrativa no se presentó dentro del término estipulado en la Ley Núm. 33-1985, *supra*.[6] En consecuencia, puntualizó que la determinación que había tomado la asesora técnica de la AAA en el nivel apelativo era final e inapelable. De este modo, le informó al recurrente que su cuenta reflejaba un balance de $3,376.75 por lo que tenía un término de diez (10) días para realizar el referido pago. Cabe precisar que, en esta carta la AAA no realizó ninguna advertencia sobre algún término para solicitar revisión de esta determinación.

Inconforme con la carta que le remitió la AAA el 13 de septiembre de 2024, el 31 de octubre de 2024, el recurrente presentó el recurso de epígrafe y formuló lo siguientes señalamientos de error:

> **La Corporación incurrió en un error al rechazar la solicitud de vista administrativa del ciudadano e interpretar que la petición fue presentada fuera del término provisto por la Ley 33.**

---

[5] La solicitud de vista administrativa no se incluyó como parte del apéndice del recurso por lo que dicho hecho procesal se adoptó de la *Oposición a la Revisión de la Decisión Administrativa* que presentó la AAA para un mejor entendimiento de los hechos procesales.

[6] Véase, pág. 1 del apéndice del recurso.

> **Asimismo, la Agencia erró al considerar que la decisión era inapelable, lo cual resulta en una interpretación equivocada y contraria a los derechos que la Constitución garantiza a sus ciudadanos.**
>
> **Finalmente, la Agencia actuó de manera incorrecta al amenazar al ciudadano con la suspensión del servicio sin considerar que el derecho al acceso al agua es un derecho fundamental para la vida.**

Atendido el recurso, el 6 de noviembre de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 14 de noviembre de 2024 para presentar su alegato en oposición e informar por qué no debíamos desestimar el recurso de epígrafe por no haberse realizado las notificaciones adecuadas según dispone el Art. 3 de la Ley núm. 33-1985, *supra.*

Oportunamente, la AAA presentó una *Oposición a la Revisión de la Decisión Administrativa.* En síntesis, la parte recurrida expuso que del apéndice del recurso no existía documento alguno que se pudiese considerar como una resolución u orden final revisable ante este foro conforme los criterios establecidos en la Ley Núm. 33-1985, *supra* o la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* 3 LPRA sec. 9601 *et seq.* (LPAUG). Particularmente sostuvo que la carta del 13 de septiembre de 2024 que se suscribió por un funcionario de la AAA no cumplía con las características para que pudiese ser identificada como una sentencia, resolución u orden final. Es decir, que no contenía determinaciones de hechos, conclusiones de derecho o advertencia alguna de la disponibilidad del recurso de reconsideración o revisión. De este modo, argumentó que procedía la desestimación del recurso por falta de jurisdicción.

Con el beneficio de la comparecencia de ambas partes, procedemos a atender el recurso ante nuestra consideración. *Veamos.*

## II.

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Cordero v. ARPe et al.*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino*, supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de

recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Ahora bien, en lo pertinente al caso ante nos, cabe preciar que, el Art. 4.006(c) de la Ley Núm. 201-2003, según enmendada, mejor conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24(y)(c), establece que el Tribunal de Apelaciones tiene competencia para revisar las **"decisiones, órdenes y resoluciones finales de organismos o agencias administrativas"**. (Énfasis nuestro) De igual forma, la Regla 56 de nuestro reglamento, claramente dispone que son objeto de revisión judicial "las resoluciones y providencias finales dictadas por organismos o agencias administrativas".

Por su parte, en la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, delimita el alcance de la revisión judicial de las decisiones administrativas y dispone que la revisión administrativa ante el Tribunal de Apelaciones se hará respecto a las **órdenes o resoluciones finales**, luego de que el recurrente haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente.

Consonó con lo anterior, nuestro más alto foro ha expresado que una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia, les pone fin, sin dejar pendiente una para ser decidida en el futuro. *Comisionado Seguros v. Universal,* 167 DPR 21, 29 (2006). Por su parte, la LPAUG no define expresamente el término

"orden o resolución final". Sin embargo, la Sec. 3.14 de la referida ley, 3 LPRA sec.9654, dispone que **una orden o resolución final debe incluir determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación y la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso.** (Énfasis suplido).

Particularmente, sobre la notificación adecuada de las determinaciones administrativas finales, la Sección 3.14 de LPAUG, *supra,* establece que estas deben ser notificadas a las partes en el proceso administrativo. Expone que la notificación debe advertir el derecho de las partes a solicitar reconsideración ante la agencia o instar un recurso de revisión judicial ante el Tribunal de Apelaciones, con expresión de los términos jurisdiccionales que tienen las partes para ejercer dicho derecho. Además, la precitada sección destaca que, los referidos términos no comenzarán a transcurrir hasta que la agencia administrativa haya cumplido con estos requisitos. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998, 1014 (2008).

El Tribunal Supremo ha reiterado que, por imperativo del derecho a un debido proceso de ley, la notificación adecuada de una determinación administrativa garantiza el derecho de las partes a cuestionar dicha determinación en el foro judicial. *IM Winner, Inc. v. Mun. De Guayanilla*, 151 DPR 30, 35 (2000). Ello es así porque los remedios posteriores al dictamen de las agencias forman parte del debido proceso de ley y la falta de notificación adecuada puede impedir que se procuren tales remedios, socavando dicha garantía constitucional. Íd. Así, una notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado y tiene el efecto de que el recurso que se presente ante el foro de mayor jerarquía sea prematuro. *P.R. Eco Park, et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019).

III.

En su primer señalamiento de error, el señor Díaz argumentó que la AAA erró al rechazar su solicitud de vista administrativa e interpretar que la petición fue presentada fuera del término provisto por la Ley Núm. 33-1985, *supra.* Asimismo, en su segundo señalamiento de error argumentó que la AAA erró al resolver que la decisión recurrida era inapelable**.** Sostuvo que ello resultaba en una interpretación equivocada y contraria a los derechos que la Constitución les garantizaba a sus ciudadanos. Por último, en su tercer señalamiento de error, indicó que la parte recurrida erró al amenazarlo con la suspensión del servicio sin considerar que el derecho al acceso al agua es un derecho fundamental para la vida.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que no existe un dictamen final objeto de revisión judicial. Por lo que nos vemos forzados a desestimar el recurso por prematuro.

Como es sabido, el alcance de la revisión judicial de las decisiones administrativas ante el Tribunal de Apelaciones se hará respecto órdenes o resoluciones finales emitidas por la agencia administrativa. Sección 4.2 de la LPAUG, *supra.* Particularmente, para que dichas órdenes o resoluciones se consideren como un dictamen final revisable ante nos, deben incluir determinaciones de hecho y las conclusiones de derecho que fundamentan la adjudicación y la advertencia del derecho a solicitar una reconsideración o revisión, según sea el caso. Sección 3.14 de la LPAUG, *supra.*

Particularmente, sobre la notificación adecuada de las determinaciones administrativas finales, la Sección 3.14 de LPAUG,

*supra*, establece que estas deben advertir el derecho de las partes a solicitar reconsideración ante la agencia o instar un recurso de revisión judicial ante el Tribunal de Apelaciones, con expresión de los términos jurisdiccionales que tienen las partes para ejercer dicho derecho. Recordemos que, por imperativo del derecho a un debido proceso de ley, la notificación adecuada de una determinación administrativa garantiza el derecho de las partes a cuestionar dicha determinación en el foro judicial. *IM Winner, Inc. v. Mun. De Guayanilla,* supra*,* pág. 35. Así pues, si no se cumple con una notificación adecuada, el foro revisor no tendrá jurisdicción para atender el asunto impugnado y el recurso se desestimará por prematuro. *P.R. Eco Park, et al. v. Mun. de Yauco,* supra, pág. 538.

En el caso de autos, la carta que le remitió la AAA el 13 de septiembre de 2024 al señor Díaz notificándole que su solicitud de vista administrativa se presentó fuera del término provisto en la Ley Núm. 33-1985, *supra,* no constituye un dictamen revisable ante este foro intermedio según lo dispone la Sección 3.14 y la 4.2 de la LPAUG, *supra*. Entiéndase, la carta no contiene determinaciones de hechos ni conclusiones de derecho. Tampoco le advierte el derecho que tiene el señor Díaz para solicitar reconsideración ante la AAA o instar un recurso de revisión judicial ante el Tribunal de Apelaciones, con expresión de los términos jurisdiccionales que tiene para ejercer dicho derecho. Cabe precisar que, la propia parte recurrida expresó que la referida carta no cumplía con las características para que pudiese ser identificada como una sentencia, resolución u orden final por lo que procedía la desestimación del recurso por falta de jurisdicción.

En vista de lo antes expuesto, nos encontramos forzados a desestimar el recurso de epígrafe por falta de jurisdicción por prematuro conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones