IM WINNER, INC., demandante y recurrente, *v.* JUNTA DE SUBASTAS DEL GOBIERNO MUNICIPAL DE GUAYANILLA y OTROS, demandados y recurridos.

*Número:* CC-1999-77        *Resuelto:* 17 de mayo de 2000

*Glorimel Rivera Irizarry,* abogada de la parte recurrente; *Carmen S. Curet Salim,* abogada de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Hoy nos toca resolver si la notificación de adjudicación de una subasta llevada a cabo por un municipio resulta ser defectuosa por no advertir: el derecho de una parte a procurar la revisión judicial, el término disponible para así hacerlo y la fecha del archivo en autos de una copia de la notificación de la decisión. Por entender que tales omisiones hacen defectuosa la notificación, impidiendo que comience a transcurrir el término para instar la correspondiente acción de revisión judicial, revocamos.

## I

IM Winner, Inc. (en adelante IM Winner) compareció como licitador a una subasta convocada por la Junta de Subastas del Municipio de Guayanilla (en adelante la Junta de Subastas). El 28 de julio de 1998 la Junta de Subastas adjudicó ésta a otro de los licitadores, mediante comunicación a estos efectos. Sin embargo, en la referida comunicación no se le apercibió a IM Winner de su derecho a solicitar revisión judicial sobre tal adjudicación, ni del término para llevar a cabo dicho trámite. Tampoco se indicó la fecha del archivo en autos de la copia de la notificación de la adjudicación.(1)

Inconforme con dicha adjudicación, IM Winner instó un recurso de revisión ante el Tribunal de Circuito de Apelaciones el 20 de agosto de 1998, veintitrés (23) días después de la adjudicación. El foro apelativo desestimó el recurso al concluir que éste fue presentado tardíamente. Para tal determinación dicho foro se fundamentó en la Sec. 3.19 de la Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec.

---

(1) A continuación reproducimos, íntegramente, la notificación de la adjudicación de la subasta:

"28 de julio de 1998

"IM Winner
Avenue Acacia D-22 Villa Flores
Ponce, Puerto Rico 00731

"RE: Subasta #10-AE-1997-98; Construcción Centro Cuidado Diurno para Envejecientes.

"Estimado señores: [sic]

"Reciba un saludo cordial de parte del Hon. Alcalde y en el mío propio.

"Sirva la presente para notificarle que la Hon. Junta de Subastas del Municipio de Guayanilla se reunió para decidir la Buena Pro de la Subasta de referencia.

"Luego de analizar las licitaciones presentadas la Hon. Junta de Subastas determinó que la mejor oferta fue de:

RAVARO CONSTRUCTION CORPORATION
P.O. BOX. 7679
PONCE, PUERTO RICO 00732

"Sin otro particular quedo de usted a sus gratas [ó]rdenes.

"Cordialmente,

"Elmo A. Murillo Ortiz

"Secretario Municipal."

2169) conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, la cual dispone que el término para impugnar una subasta es de diez (10) días.

En reconsideración, el Tribunal de Circuito de Apelaciones afirmó que aunque el término para recurrir en alzada no haya comenzado a transcurrir, por ser la notificación defectuosa, era aplicable la doctrina de incuria, no procediendo la revisión en este caso.

De tal decisión recurre ante nos IM Winner, para alegar que erró el Tribunal de Circuito al determinar que se incurrió en incuria. Luego de acoger el recurso de *certiorari* presentado y examinar las comparecencias de las partes, procedemos a resolver.

## II

La Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*), conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la LPAU), excluyó de la definición de agencia a los gobiernos municipales, sus entidades o corporaciones.[2] Véanse: *Asoc. Res. Linda Gardens v. Mun. de Guaynabo*, 138 D.P.R. 925 (1995); D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, Bogotá, Ed. Forum, 1993, pág. 571.

Sin embargo, a pesar de esta normativa, el Tribunal de Circuito de Apelaciones aplicó la LPAU, en el caso de autos, concluyendo así que el recurso fue presentado pasado el término de diez (10) días que dispone la Sec. 3.19 de dicha ley, *supra.*

Este curso decisorio pasa por alto la inaplicabilidad de la LPAU a las entidades municipales. Igualmente,

---

[2] Sec. 1.3 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante la LPAU), 3 L.P.R.A. sec. 2102.

34

incide al ignorar que la revisión de adjudicaciones de la Junta de Subastas de cada municipio está regulada por el Art. 15.002 de la Ley Núm. 81 de 30 de agosto de 1991 (21 L.P.R.A. sec. 4702), conocida como la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991. El referido precepto dispone, en lo pertinente:

> El Tribunal de Circuito de Apelaciones revisará, con exclusividad, el acuerdo final o adjudicación de la Junta de Subasta. La solicitud de revisión se instará dentro del término jurisdiccional de veinte (20) días contados desde el archivo en autos de copia de la notificación del acuerdo final o adjudicación. 21 L.P.R.A. sec. 4702(2).

Como podrá apreciarse, dicho articulado provee para la revisión judicial de las adjudicaciones de las Juntas de Subastas de cada municipio estableciéndola para un término de veinte (20) días.

Por ende, habiendo aclarado que el término aplicable para instar el recurso de revisión era el de veinte (20) días dispuesto en la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, y no el de diez (10) días que dispone LPAU, pasemos a considerar si dicho recurso se interpuso oportunamente.

## III

Como mencionamos anteriormente, el recurso de revisión ante el foro apelativo se presentó a los veintitrés (23) días de adjudicarse la subasta. Sin embargo, IM Winner arguye que éste se presentó oportunamente, no empece haberse entregado pasado el término correspondiente, por ser defectuosa la notificación cursada. Coincidimos con su conclusión.

Según adelantamos, el Art. 15.002 de la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, *supra*, establece que los acuerdos finales o adjudicaciones de la Junta de Subasta de cada municipio serán

revisables ante el Tribunal de Circuito de Apelaciones mediante una solicitud de revisión, la cual se instará dentro del término jurisdiccional de veinte (20) días contados desde el archivo en autos de la copia de la notificación del acuerdo final o adjudicación.

■ Aunque el Art. 11.006 de la referida ley, 21 L.P.R.A. sec. 4506, establece el deber de notificar la adjudicación de una subasta, no se precisa cuál debe ser el contenido de dicha notificación.[3] Por lo tanto, nos toca dilucidar si tal notificación es defectuosa por no advertir: el derecho de revisión judicial, el término disponible para así hacerlo y la fecha del archivo en autos de copia de la notificación de la adjudicación. Veamos.

■ Reiteradamente hemos afirmado que el derecho a cuestionar una determinación mediante revisión judicial, al ser expresamente provisto por estatuto, pasa a formar parte del debido proceso de ley, resultando por lo tanto indispensable y crucial que se notifique *adecuadamente* dicha determinación a todas las partes cobijadas por tal derecho. Véanse: *Colón Torres v. A.A.A.*, 143 D.P.R. 119 (1997); *Asoc. Vec. Altamesa Este v. Mun. San Juan*, 140 D.P.R. 24 (1996); *Falcón Padilla v. Maldonado Quirós*, 138 D.P.R. 983 (1995); *Arroyo Moret v. F.S.E.*, 113 D.P.R. 379 (1982); *Berríos v. Comisión de Minería*, 102 D.P.R. 228 (1974).

En pasadas ocasiones, al analizar las controversias específicas ante nuestra consideración, hemos resaltado la importancia de notificarle a una parte su derecho a procurar una revisión judicial, el término disponible para así

---

[3] El referido Art. 11.006 dispone, en lo pertinente:

"La Junta [de Subastas] entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento[.] ...

. . . . . . . .

"Tal adjudicación de una subasta será notificada a todos los licitadores mediante correo certificado con acuse de recibo." ... 21 L.P.R.A. sec. 4506.

hacerlo y la fecha del archivo en autos de una copia de la notificación de la adjudicación. Veamos.

En *Asoc. Vec. Altamesa Este v. Mun. San Juan*, supra, tuvimos la oportunidad de considerar el deber de un municipio de notificar un dictamen relativo al control de acceso. En aquella ocasión, al analizar un estatuto que tampoco establecía cuál debía ser el contenido de la notificación, indicamos que como parte de una *notificación adecuada* debía informarse a las partes su derecho a interponer el recurso de revisión, así como el término para hacerlo. Así, señalamos que sólo a partir del archivo de la notificación requerida de esta manera comenzaría a transcurrir el término para presentar una revisión judicial ante el tribunal correspondiente. Véase *Asoc. Vec. Altamesa Este v. Mun. San Juan*, supra.

Por su parte, en *Pérez, Pellot v. J.A.S.A.P.*, 139 D.P.R. 588 (1995), discutimos lo relativo a la notificación que deben cursar todas las agencias, instrumentalidades o autoridades nominadoras del Estado Libre Asociado de Puerto Rico que se encuentren reguladas por Ley de Personal del Servicio Publico de Puerto Rico[4] en relación con los ciudadanos certificados como elegibles, según el inciso 9(a) de la Sec. 4.3 de la referida ley, 3 L.P.R.A. sec. 1333(9)(a). En aquella ocasión indicamos que en la notificación se debía advertir el derecho a interponer la correspondiente apelación, así como el término para llevar a cabo dicho trámite.

La importancia de advertirle a una parte tales derechos ya había sido resaltada en cuanto a la notificación de sentencias desde hace más de cuatro (4) décadas. Así, en *Rodríguez v. Tribunal Municipal y Ramos*, 74 D.P.R. 656, 664 (1953), citado en *De Jesús v. Corp. Azucarera de P.R.*, 145 D.P.R. 899, 904 (1998), señalamos:

"... Cuando se trata de una sentencia, el secretario le notifica a las partes sobre la adjudicación final, su derecho a apelar, y la

---

(4) Ley Núm. 5 de 14 de octubre de 1975 (3 L.P.R.A. sec. 1301 *et seq.*).

fecha exacta del archivo de dicha notificación en los autos, que es la que determina desde cuándo empieza a correr el término para apelar." (Énfasis suprimido.) Citando a *Rodríguez v. Tribunal Municipal y Ramos*, 74 D.P.R. 656, 664 (1953).

Estos pronunciamientos encuentran su razón de ser en que:

> "La correcta y oportuna notificación de las órdenes y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial." *Falcón Padilla v. Maldonado Quirós*, supra, pág. 993, citando al profesor Cuevas Segarra.[5]

En *Colón Torres v. A.A.A.*, supra, volvimos a resaltar la importancia de advertirle a una parte su derecho a solicitar revisión judicial y el término para así hacerlo. En aquella ocasión analizamos la Sec. 3.14 de LPAU, *supra*, la cual recoge estos principios. La referida sección dispone, en lo pertinente:

> La orden o resolución [que dicte una agencia administrativa] advertirá el derecho de solicitar la reconsideración o revisión de la misma, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos. 3 L.P.R.A. sec. 2164.

A esos efectos, en aquella ocasión reiteramos el deber de notificar tales deberes al amparo del debido proceso de ley y con independencia de la propia legislación. Así, advertimos:

> ... [A] tenor con la disposición antes transcrita, *y al amparo del debido proceso de ley*, resulta ineludible concluir que cuando a la parte afectada no se le notifican tales derechos, ni el término para ejercerlos, no comienza a transcurrir el término para recurrir en alzada. (Escolios omitidos y énfasis suplido.) *Colón Torres v. A.A.A.*, supra, pág. 124.

---

[5] J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Vol. II, pág. 436.

■ En conclusión, considerando nuestros pasados pronunciamientos y las exigencias del debido proceso de ley, determinamos que para poder hacer efectivo el derecho de revisión judicial que consagra el Art. 15.002 de la Ley de Municipios Autónomos del Estado Libre Asociado Puerto Rico de 1991, *supra*, en la notificación de la adjudicación de una subasta por parte de la correspondiente Junta de Subastas Municipal, es necesario que se advierta: el derecho a procurar una revisión judicial; el término disponible para así hacerlo y la fecha del archivo en autos de copia de la notificación de la adjudicación.[6] Sólo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial.

No puede ser de otra manera. Habiéndose otorgado el derecho a revisar judicialmente la adjudicación de una subasta, el debido proceso de ley exige una notificación adecuada para ejercer efectivamente tal derecho. De lo contrario, sin contar con estas garantías procesales mínimas, el derecho a revisar la determinación de la correspondiente junta de subastas sería ineficaz. La falta de una notificación adecuada podría afectar el derecho de una parte a cuestionar la correspondiente subasta. Esto pues, no se podría cuestionar judicialmente lo que no se conoce.

Por lo tanto, habiendo resuelto que el término que tenía IM Winner para instar su recurso no comenzó a transcurrir, por ser la notificación defectuosa, sólo nos resta examinar si el foro apelativo actuó correctamente al determinar que se incurrió en incuria.

---

[6] Como se conoce, la naturaleza del debido proceso de ley es eminentemente circunstancial y pragmática. Véanse: *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 D.P.R. 521, 542 (1993); *Pueblo v. Andreu González*, 105 D.P.R. 315, 320 (1976); *Tesorero v. Tribl. de Contrib. y B. Suárez, Inc.*, 74 D.P.R. 274, 284 (1953). Por lo tanto, no pretendemos elaborar una enumeración taxativa de las exigencias del debido proceso de ley. En el recurso de autos sólo consideramos si la omisión de las referidas advertencias hace defectuosa la notificación aquí cursada.

Sobre la exigencia de fundamentar la adjudicación de una subasta por una agencia administrativa, véase *L.P.C. & D., Inc. v. A.C.*, 149 D.P.R. 869 (1999).

# IV

■ En pasadas ocasiones hemos resuelto que si bien una notificación defectuosa impide que decurse el término para acudir en revisión, el término dentro del cual deberá interponerse el correspondiente recurso quedará sujeto a la doctrina de incuria. Véanse: *Colón Torres v. A.A.A.*, supra; *Rivera v. Depto. de Servicios Sociales*, 132 D.P.R. 240, 247 (1992); *García v. Adm. del Derecho al Trabajo*, 108 D.P.R. 53, 59 (1978).

No existe razón para que en el caso de autos nos apartemos de dicha norma. La dejadez negligente en el reclamo de un derecho puede tener consecuencias adversas para la otra parte. Así podría causársele perjuicio a las demás partes en tanto el transcurso del tiempo puede dificultar sus respectivas contenciones.

Por ende, estando sujeto el término que tenía IM Winner para acudir en revisión a la doctrina de incuria, procede que discutamos su alcance.

■ Hemos definido la doctrina de incuria como la dejadez o negligencia en el reclamo de un derecho, la cual en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad. *Colón Torres v. A.A.A.*, supra; *Aponte v. Srio. de Hacienda, E.L.A.*, 125 D.P.R. 610, 618 (1990). Sobre el particular, en *Pérez, Pellot v. J.A.S.A.P.*, supra, págs. 599–600, señalamos:

> ... [E]n dicha doctrina no basta el mero transcurso del tiempo para impedir el ejercicio de la causa de acción, sino que deben evaluarse otras circunstancias antes de decretar la desestimación del recurso instado. Circunstancias tales como "la justificación, si alguna, de la demora incurrida, el perjuicio que ésta acarrea y el efecto sobre intereses privados o públicos involucrados". Además, cada caso deberá ser examinado a la luz de sus hechos y circunstancias particulares. (Citas omitidas.)

Un examen de los autos en el caso de marras demuestra

que IM Winner ha actuado con diligencia en la impugnación de la subasta en cuestión. En primer lugar, instó su recurso apenas a los tres (3) días de vencido el término dispuesto para estos fines. Igualmente, al transcurrir más de un mes sin que se enviara un aviso de adjudicación, IM Winner cursó comunicaciones para requerir que se adjudicara la subasta.

No existe evidencia que nos permita concluir que IM Winner haya sido negligente en la impugnación de la subasta. Todo lo contrario, se ha demostrado un deseo constante de revisar los méritos de la subasta en cuestión. Tampoco existe prueba que demuestre que la presentación del recurso a los tres (3) días de vencido el término haya causado perjuicio a la parte recurrida. Desde el 17 de julio de 1998, una semana antes de que la subasta se adjudicara, IM Winner había manifestado su intención de impugnarla.

En cuanto a las razones que pudo haber tenido IM Winner para instar su recurso fuera del término correspondiente podemos destacar la falta de diligencia de los recurridos. Cabe resaltar que no fue hasta el 12 de noviembre de 1998, alrededor de cuatro (4) meses después de adjudicarse la subasta, que finalmente el Municipio de Guayanilla le acreditó al foro apelativo la fecha del archivo en autos de una copia de la notificación de la adjudicación.

En vista de lo anterior, *procede que se revoque el dictamen del foro apelativo. Se devuelve el caso al Tribunal de Circuito de Apelaciones para que considere el recurso de epígrafe.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita. El Juez Presidente Señor Andréu García no intervino.