Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| JOM SECURITY SERVICES, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE MAYAGÜEZ<br><br>Recurrida | KLRA202500279 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas del Municipio Autónomo de Mayagüez<br><br>Subasta formal número: 2025-024<br><br>Sobre: Impugnación de subasta servicios de guardias de seguridad |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2025.

Comparece ante nos la parte recurrente, JOM Security Services, Inc., y nos solicita la revisión y revocación de la notificación de adjudicación de subasta emitida por la Junta de Subastas del Municipio Autónomo de Mayagüez el 25 de abril de 2025, notificada el 29 del mismo mes y año. Mediante el mismo, el referido organismo notificó la adjudicación de subasta a favor de Unique Security, Corp.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso, por falta de jurisdicción.

### I

El 25 de marzo de 2025, el Municipio Autónomo de Mayagüez celebró la apertura de la Subasta Núm. 2025-024 sobre servicios de guardias de seguridad.[1] Los siguientes licitadores comparecieron a la referida subasta: Unique Security, Corp., JOM Security Services, Inc., West Security Services, Inc., Sheriff Security Services, Inc., M.L.A. Security Solution, Corp., Genesis Security Services, Inc. y

---

[1] Apéndice 1 del recurso, pág. 2.

Número Identificador

SEN2025 _____

St. James. La Junta de Subastas del Municipio Autónomo de Mayagüez (Junta) realizó un análisis de las propuestas y utilizó como criterios de evaluación los siguientes: (1) postor más bajo; (2) postor que cumplió con las especificaciones y requisitos; (3) precio razonable; (4) mejor postor; y (5) beneficio del interés público.

Evaluadas las propuestas, el 25 de abril de 2025, notificada el 29 del mismo mes y año, la Junta emitió la adjudicación de subasta que nos ocupa.[2] En síntesis, la Junta adjudicó la buena pro a Unique Security, Corp. Determinó que, conforme al Reglamento de Subastas, Unique Security, Corp. fue el mejor postor, cumplió tanto con las especificaciones como con los requisitos de la subasta, tenía la experiencia necesaria y era quien mejor representaba el interés público. Por otro lado, la agencia administrativa plasmó en la notificación de la adjudicación de la subasta el derecho a revisión judicial de las partes ante el Tribunal de Apelaciones.

En específico, la notificación de la adjudicación a la subasta en cuestión incluyó la siguiente información:

Estimados licitadores:

El 25 de marzo de 2025, en cumplimiento con la Ley Núm. 107-2020, según enmendada, conocida como [el] Código Municipal de Puerto Rico, y a tenor con el Reglamento de Subastas y [la] Solicitud de Propuestas del Municipio Autónomo de Mayagüez (Reglamento de Subastas), el Municipio Autónomo de Mayagüez, celebró la apertura de la **SUBASTA N[Ú]MERO 2025-024 SERVICIOS DE GUARDIAS DE SEGURIDAD**. A la misma, comparecieron seis (6) licitadores, a saber:

| COMPAÑÍA | GUARDIAS DESARMADOS | GUARDIAS ARMADOS |
|---|---|---|
| **Unique Security[, Corp.]** | **$12.75** | **$13.50** |
| **JOM Security Services[, Inc.]** | **$13.99** | **$14.79** |
| **West Security Services, Inc.** | **$14.30** | **$14.90** |
| **Sheriff Security Service[s], Inc.** | **$14.49** | **$15.78** |
| **M.L.A. Security Solution, Corp.** | **$15.00** | **$16.00** |
| **Genesis Security Services, Inc.** | **$15.56** | **$16.85** |
| **St. James** | **NO BID** | **NO BID** |

---

[2] Apéndice 1 del recurso, págs. 1-5.

Luego de este proceso, la Srta. Yiraida Rodr[í]guez Mora, Gerente [del] Departamento de Servicios Administrativos, realizó un análisis exhaustivo de las propuestas y mediante comunicación del 27 de marzo de 2025, le remitió a esta Junta de Subastas, sus recomendaciones. A tales efectos, y luego del trámite y evaluación correspondiente, y de conformidad con el narrativo a continuación, determinamos adjudicar la Subasta N[ú]mero 2025-024 a la compañía: **Unique Security, Corp.**

**I.        Descripción de Servicio**

Esta subasta se hizo a solicitud [de] la Srta. Yiraida Rodríguez Mora, Gerente [del] Departamento de Servicios Administrativos, para la **SUBASTA N[Ú]MERO 2025-024 SERVICIOS DE GUARDIAS DE SEGURIDAD**.

**II.       Información General de sobre *[sic]* la Subasta**

El anuncio por el Municipio, incluyó la fecha de apertura de la Subasta, la cual fue pautada para el 25 de marzo de 2025, en el Salón de Conferencias de la División de Subastas en la Calle de Diego #56 Este, segundo piso del Edificio Albizu en Mayagüez, Puerto Rico.

**III.      Criterios de Evaluación**

Las ofertas fueron evaluadas a los fines de determinar su cumplimiento con las especificaciones de la subasta. Asimismo, se evaluó *[sic]* las ofertas económicas y el cumplimiento de los requisitos mínimos de elegibilidad, a saber:

- Postor más bajo
- Postor que cumple con las especificaciones y requisitos
- Precio razonable
- Mejor postor
- Beneficio del interés público

**IV.      Análisis y Evaluación de las Ofertas**

La Junta de Subastas, evaluó las ofertas sometidas por los licitadores, tomando en cuenta el análisis y evaluación que, a su vez, llevó a cabo la Gerente de Servicios Administrativos.

**V.       Acuerdo o Determinación Final**

Luego de evaluar las ofertas recibidas por los licitadores, tomando en consideración el cumplimiento con las especificaciones, así como las normas de ley y reglamentarias aplicables a estos procesos. *[sic]*

A tenor con los requisitos de la **SUBASTA N[Ú]MERO 2025-024 SERVICIOS DE GUARDIAS DE SEGURIDAD**, y de conformidad con las disposiciones de la Ley [Núm.] 107[-2020], la facultad conferida en el Reglamento de Subastas y, en beneficio del interés público, la Junta de Subastas, ha determinado por unanimidad adjudicar la Subasta Número 2025-024, a la compañía **Unique Security, Corp.** Conforme al Reglamento de Subastas, dado que fue el mejor postor, cumplieron con las especificaciones y requisitos, experiencia y teniendo presente el beneficio de adjudicación que representa al interés público.

La compañía agraciada advendrá en la obligación de presentar una **fianza de cumplimiento** que será establecida por el Gerente del Departamento. La efectividad de la Subasta de comprender *[sic]* desde el 1 de julio de 2025 hasta el 30 de junio de 2026.

**VI.    Revisión Judicial**

Toda persona o entidad que se considere adversamente afectada por esta determinación, y que hubiese participado en el proceso de subasta podrá, dentro del término de diez (10) días, contados desde la fecha del envío por correo electrónico, o la fecha del depósito en el correo de la copia de la notificación del acuerdo final o adjudicación, lo que ocurra primero, presentar un recurso de revisión administrativa ante el Tribunal de Apelaciones de Puerto Rico, de conformidad con lo dispuesto en el Art. 1.050 de la Ley [Núm.] 107[-2020].

[...]

Inconforme, el 12 de mayo de 2025, la parte recurrente compareció ante nos mediante el recurso de revisión judicial de epígrafe y propuso los siguientes señalamientos de error:

ERRÓ LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL IMPEDIRLE A LA PARTE RECURRENTE COMO LICITADOR REVISAR F[Í]SICAMENTE LOS PLIEGOS DE SUBASTA DE LOS DEM[Á]S LICITADORES PARTICIPANTES DE LA SUBASTA NÚM. 2025-024 PARA LA CONTRATACI[Ó]N DE SERVICIOS DE GUARDIAS, EN CONTRAVENCI[Ó]N CON EL ART[Í]CULO 15 DE SU PROPIO REGLAMENTO.

ERRÓ LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL LIMITAR EL ACCESO A LA INFORMACIÓN A LA PARTE RECURRENTE COMO LICITADOR DURANTE EL PROCESO DE APERTURA DE LA SUBASTA NÚM. 2025-024[,] IMPIDI[É]NDOLE EL QUE PUDIERA VERIFICAR EL CUMPLIMIENTO DE REQUISITOS *[SIC]* OBLIGATORIOS DE TODOS LOS LICITADORES[,] INCLUYENDO AL LICITADOR AGRACIADO UNIQUE, EN CLARA VIOLACI[Ó]N AL DEBIDO PROCESO DE LEY Y SU PROPIO REGLAMENTO.

ERRÓ LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL ADJUDICAR LA SUBASTA A LA COMPAÑÍA UNIQUE, DE MANERA ARBITRARIA Y CAPRICHOSA, EN ABIERTA VIOLACI[Ó]N AL DEBIDO PROCESO [DE LEY] Y SIN SATISFACER LOS CRITERIOS JURISPRUDENCIALES Y ESTABLECIDOS EN EL C[Ó]DIGO MUNICIPAL PARA LA NOTIFICACIÓN ADECUADA DE LA ADJUDICACIÓN DE LA SUBASTA.

ERRÓ LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL ADJUDICAR LA SUBASTA A UNIQUE Y EMITIR UNA NOTIFICACIÓN DE ADJUDICACIÓN QUE NO CUMPLE CON LOS

REQUISITOS MÍNIMOS QUE ESTABLECE EL CÓDIGO MUNICIPAL DE PUERTO RICO Y SU REGLAMENTO DE SUBASTAS, FALTANDO ASÍ AL DEBIDO PROCESO DE LEY.

ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ DEBIDO A QUE LA NOTIFICACIÓN DE ADJUDICACIÓN REFLEJA IRREGULARIDADES QUE LA CONVIERTEN EN NULA, VIOLENTANDO CON ELLO LAS SALVAGUARDAS DE[L] DEBIDO PROCESO [DE LEY] QUE LE ASISTEN A UN LICITADOR PERDIDOSO PARA CUESTIONAR CABAL Y OPORTUNAMENTE EL PROCESO DE ADJUDICACI[Ó]N.

ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL INCUMPLIR CON SU DEBER DE NOTIFICAR, FUNDAMENTAR Y PROVEER LAS RAZONES POR LAS CUALES LA SUBASTA NO LE FUE ADJUDICADA A LOS LICITADORES NO TORNANDO *[SIC]* DICHA ADJUDICACIÓN EN UNA IRRAZONABLE Y ARBITRARIA.

ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JUNTA DE SUBASTA DEL MUNICIPIO AUT[Ó]NOMO DE MAYAG[Ü]EZ AL NO ADJUDICAR LA SUBASTA [NÚM.] 2025-024[,] CONFORME A LOS CRITERIOS ESTABLECIDOS EN EL ART[Í]CULO 2.040 DE LA LEY N[Ú]M. 107 Y HABER SELECCIONADO A UN LICITADOR QUE NO CUENTA CON LA SOLVENCIA ECON[Ó]MICA REQUERIDA LO QUE COLOCA EN RIESGO A LA PARTE RECURRIDA DE UN INCUMPLIMIENTO DE CONTRATO.

Examinado el recurso de revisión, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5). Resolvemos.

## II

### A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384

(2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

El Tribunal Supremo de Puerto Rico ha reiterado la importancia que reviste para la buena marcha de la cosa pública, que los procesos de adquisición de bienes y servicios del gobierno se lleven a cabo con eficiencia, honestidad y completa probidad. *R & B Power v. E.L.A.*, 170 DPR 606, 619 (2007); *Empresas Toledo v. Junta de Subastas*, 168 DPR 771 (2006); *A.E.E. v. Maxon*, 163 DPR 434 (2004). De ordinario, en la adquisición competitiva de bienes y servicios por el gobierno central y municipal, se utiliza el mecanismo de la subasta pública formal o tradicional. *Íd.*; *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531 (2019). Asimismo, el *request for proposal* o requerimiento de propuestas es otro mecanismo disponible para que el gobierno adquiera bienes y servicios, caracterizado por su apertura a negociaciones y por ser un procedimiento informal y flexible. *Íd.* Por medio de ambos mecanismos se protegen los intereses del gobierno, toda vez que procuran conseguir los precios más económicos, evitan el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024, citando a *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 531, citando a *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009). En ese sentido, nuestro más Alto Foro ha expresado que, en la medida que haya pureza en estos procedimientos, los entes estatales y municipales promoverán la libre competencia entre los postores. *Íd.*

Tanto las subastas tradicionales como los requerimientos de propuestas que adjudique una entidad gubernamental están regidos por las disposiciones de la *Ley de Procedimiento Administrativo*

*Uniforme del Gobierno de Puerto Rico,* Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU). En particular, la Sección 3.19 de la LPAU, 3 LPRA sec. 2165, en lo referente a las reconsideraciones presentadas ante las agencias administrativas, disponía lo siguiente:

[...]

La parte adversamente afectada por una decisión podrá presentar una moción de reconsideración ante la Administración de Servicios Generales o ante la entidad gubernamental correspondiente, según sea el caso, dentro del término de diez (10) días desde la fecha de la notificación de la adjudicación de la subasta o propuesta. La Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, deberá considerar la moción de reconsideración dentro de los diez (10) días laborables de haberse presentado. Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archive en autos, copia de la notificación de la decisión de la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, resolviendo la moción de reconsideración. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial.

Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, acoge la solicitud de reconsideración dentro del término provisto para ello, deberá emitir la resolución en reconsideración dentro de los treinta (30) días siguientes a la radicación de la moción de reconsideración. Si la Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, acoge la moción de reconsideración, pero dejase de tomar alguna acción con relación a la moción dentro de los treinta (30) días de esta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de treinta (30) días. La Administración de Servicios Generales o la entidad gubernamental correspondiente, según sea el caso, podrá extender dicho término una

sola vez, antes de que este culmine, por un término adicional de quince (15) días.

[…]

Recientemente, el 19 de febrero de 2024, la precitada Sección fue enmendada por la Ley Núm. 48-2024, a los fines de aclarar que el mecanismo disponible para impugnar las determinaciones de la Junta de Subastas será la revisión administrativa y que la Junta Revisora de la Administración de Servicios Generales es el único organismo para impugnar las determinaciones de la Junta de Subastas y presentar el recurso de revisión administrativa. Exposición de motivos de la Ley Núm. 48-2024. A su vez, mediante el citado estatuto se reconoce el recurso de revisión administrativa como el único recurso para impugnar las adjudicaciones en los procesos de licitación pública regulados por la Ley Núm. 73-2019, *supra*, y dispone que su presentación es un requisito jurisdiccional antes de presentar un recurso de revisión judicial. *Íd*. La Asamblea Legislativa expresó que, al instituir el recurso de revisión administrativa ante la Junta Revisora como el único mecanismo de impugnación de las adjudicaciones, se da uniformidad y certeza al proceso. *Íd*. Asimismo, la rama legislativa particularizó que, al establecer el recurso de revisión administrativa como un requisito jurisdiccional para presentar un recurso de revisión judicial, se garantiza que las partes tengan la oportunidad de acudir a un organismo especializado para corregir cualquier error sin la necesidad de incurrir en los costos que conlleva la presentación de un recurso de revisión judicial y esperar el tiempo que conlleva la adjudicación de un recurso en el Tribunal de Apelaciones. *Íd*. En virtud de ello, la nueva Sección 3.19 de la LPAU, *supra*, lee como sigue:

[…]

La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una

solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días laborables, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días laborables de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días laborables que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días laborables.

Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.

La parte adversamente afectada tendrá un término jurisdiccional de treinta (30) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa.
[…]

Tanto las subastas tradicionales como los requerimientos de propuesta que adjudique una entidad municipal están regidos por las disposiciones del *Código Municipal de Puerto Rico*, Ley Núm. 107-2020, 21 LPRA sec. 7001 *et seq.* (Código Municipal), y los términos del Reglamento para la Administración Municipal de 2016, Reglamento Núm. 8873 del 19 de diciembre de 2016. Asimismo, además de regir las subastas formales y los requerimientos de propuestas en los municipios, estos cuerpos de normas gobiernan el derecho de revisión judicial de los licitadores o participantes. *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 534.

A tenor con ello, el Código Municipal, *supra,* establece que toda adjudicación de una subasta municipal deberá ser notificada a todos los licitadores no agraciados, ello con expresión de las razones por las cuales no se favoreció su propuesta. 21 LPRA sec. 7216(a). Sobre ese particular, la doctrina interpretativa pertinente reconoce que, a fin de que la notificación requerida goce de eficacia, la misma debe exponer, al menos, los nombres de los licitadores participantes en la subasta, conjuntamente con una síntesis de sus propuestas, los criterios que se consideraron para adjudicar la misma y los defectos de las propuestas de los licitadores perdidosos. *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733 (2001).[3]

De igual forma, a los fines de que una notificación de adjudicación de subasta goce de eficacia jurídica, la misma deberá apercibir a las partes de lo siguiente: (1) El derecho que tienen de acudir ante el Tribunal de Apelaciones; (2) El término de diez (10) días jurisdiccionales para solicitar la correspondiente revisión judicial de la adjudicación ante dicho Foro; (3) La fecha de archivo en autos de la copia de la notificación; y (4) A partir de qué fecha

---

[3] Cabe destacar que la jurisprudencia interpretativa sobre la notificación adecuada de una adjudicación de subasta se da bajo las disposiciones de la ahora derogada *Ley de Municipios Autónomos,* Ley Núm. 81-1991, 21 LPRA sec. 4001 *et seq.*

comenzará a transcurrir el término. 21 LPRA sec. 7081. Con relación a ello, el Código Municipal, *supra*, añade que, para que el tribunal intermedio revise la adjudicación de la subasta de que trate, la misma habrá de notificarse por escrito y mediante copia por correo escrito regular y certificado a las partes afectadas. *Íd.* La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. *Íd.* Por otro lado, el Artículo 2.040 de la referida ley alude a que toda adjudicación de una subasta será notificada a las partes certificando su envío mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por las partes. 21 LPRA sec. 7216(a). Igualmente, dicha disposición establece que la Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta y, a su vez, le apercibirá del término jurisdiccional para solicitar la correspondiente revisión judicial ante el foro intermedio. *Íd.*

Cónsono con la normativa antes expuesta, el Reglamento Núm. 8873, *supra*, dispone que el aviso de adjudicación correspondiente se notificará por escrito y por correo certificado con acuse de recibo. Añade, a su vez, que en el mismo habrá de figurar: (1) El nombre de todos los licitadores; (2) Una síntesis de las propuestas sometidas; (3) Los factores o criterios que se tomaron en cuenta para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos; (4) El derecho a solicitar la revisión judicial de la adjudicación ante el Tribunal de Apelaciones, ello dentro de diez (10) días jurisdiccionales contados desde el depósito en el correo de la notificación y; (5) La fecha del archivo en autos de copia de la notificación, así como la fecha desde la cual comenzará a transcurrir el término para impugnar la subasta de que trate. Cap. VIII, Parte II, Sec. 13, Reglamento Núm. 8873, *supra.*

El cumplimiento de las formalidades antes indicadas es de carácter jurisdiccional, por lo que la eficacia de la notificación de adjudicación de subasta o del requerimiento de propuestas quedará supeditada a la fiel concurrencia de estas. *PR Eco Park et al. v. Mun. de Yauco,* supra. Las referidas exigencias responden a que, el derecho de cuestionar una subasta o un requerimiento de propuestas adjudicado mediante un recurso de revisión judicial es parte del debido proceso de ley, razón por la cual se hace indispensable una notificación adecuada. *Íd.* "S[o]lo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial". *PVH Motor v. ASG*, 209 DPR 122, 132 (2022), citando a *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 38 (2000). Lo anterior tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sea prematuro. *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538. Así pues, ante una notificación defectuosa, se priva a este Foro de jurisdicción para entender sobre el asunto impugnado. *PVH Motor v. ASG*, supra. De otro lado, hasta tanto no discurra el referido término, el licitador u oferente no podrá formalizar el contrato con la entidad gubernamental. *PR Eco Park et al. v. Mun. de Yauco*, supra, pág. 538.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En lo pertinente, la parte recurrente sostiene en su tercer señalamiento de error que la Junta incidió al adjudicar la subasta a la compañía Unique Security, Corp., de manera arbitraria y caprichosa, en abierta violación al debido proceso de ley y sin satisfacer los criterios jurisprudenciales y establecidos en el Código Municipal, *supra*, para la notificación adecuada de la adjudicación de la subasta. Como cuarto error, señala que la Junta erró al adjudicar la subasta a Unique Security, Corp. y emitir una

notificación de adjudicación que no cumple con los requisitos mínimos que establece el Código Municipal, *supra*, y su reglamento de subastas, faltando así al debido proceso de ley. En su quinto señalamiento de error, plantea que la Junta abusó de su discreción debido a que la notificación de adjudicación refleja irregularidades que la convierten en nula, violentando con ello las salvaguardas del debido proceso de ley que le asisten a un licitador perdidoso para cuestionar cabal y oportunamente el proceso de adjudicación. Como sexto error señalado, alega que la Junta incidió al incumplir con su deber de notificar, fundamentar y proveer las razones por las cuales la subasta no le fue adjudicada a los licitadores, tornando dicha adjudicación en una irrazonable y arbitraria.

Luego de evaluar sosegadamente el contenido de la notificación impugnada, colegimos que, tal cual lo propuesto por la parte recurrente, no concurren las exigencias reconocidas por nuestro ordenamiento jurídico para legitimar su oponibilidad. Ciertamente, la ausencia de expresión relativa a varios de los requerimientos consagrados en el Código Municipal, *supra*, y su reglamentación, constituyen defectos de carácter sustantivo que privan a la parte recurrente de cuestionar la corrección del quehacer administrativo ejercido.

De una revisión de la notificación de la adjudicación de la subasta emitida el 25 de abril de 2025, surge que la Junta se limitó a citar el derecho de las partes a presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. Asimismo, no apercibe expresamente a las compañías licitadoras sobre su derecho a acudir a la Junta Revisora de la Administración de Servicios Generales, incluyendo el término aplicable para ello. Tampoco surge del documento desde cuándo comienzan a transcurrir dichos términos. Ello, incide sobre la facultad que le asiste a este Foro para ejercer sus funciones de revisión a cabalidad.

Al examinar el contenido de la notificación de la adjudicación de la subasta en cuestión, concluimos que es una notificación defectuosa, toda vez que carece de las siguientes exigencias: (1) Una síntesis o resumen de las propuestas sometidas por los licitadores; (2) Las razones para no adjudicar a los licitadores perdidosos; (3) El derecho a solicitar una revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días laborables, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública; y (4) La fecha del archivo en autos de copia de la notificación, así como la fecha desde la cual comenzará a transcurrir el término para impugnar la subasta de que trate.

En mérito de lo anterior, resolvemos que la Junta incumplió con los requisitos jurisdiccionales estatuidos para imprimir eficacia a su quehacer. La notificación de su determinación es una defectuosa e inadecuada. El incumplimiento de la agencia recurrida con las exigencias mínimas de una notificación de esta naturaleza lacera el debido proceso de ley de los licitadores que participaron de la subasta en cuestión. Siendo así, las deficiencias identificadas redundan en suprimir nuestra jurisdicción, hasta tanto se cuente con una notificación adecuada y conforme a la ley. Consecuentemente, la Junta debe subsanar los defectos de la notificación de la adjudicación de la subasta del 25 de abril de 2025 para que comiencen a transcurrir los términos de ley disponibles para que la parte recurrente, de entenderlo necesario, solicite la revisión judicial.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso de revisión judicial, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La jueza Ortiz Flores concurre sin escrito.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones