Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Transporte Rodríguez Asfalto Inc.<br><br>Recurrente<br><br>vs.<br><br>Junta de Subastas Municipio de Florida<br><br>Recurrida<br><br>PR Disposal 4 Contractor Services<br><br>Licitador Agraciado-Recurrido | TA2025RA00055 | **REVISIÓN ADMINISTRATIVA** procedente de la Junta de Subastas Municipio de Florida<br><br>Subasta General: 2025-01; Pliego de Renglón Núm. 12 Asfalto Regado y Compacta y Escarificación en Calles, Caminos, Barrios, Sectores y Comunidades<br><br>Sobre: Impugnación de Subasta Municipal |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de julio de 2025.

Comparece Transporte Rodríguez Asfalto Inc. (en adelante, recurrente) y nos solicita la revisión de la Notificación de No Adjudicación emitida el 26 de junio de 2025 por la Junta de Subastas del Municipio de Florida (en lo sucesivo, Junta de Subastas o recurrida). Mediante el referido dictamen, la Junta de Subastas adjudicó la buena pro de la Subasta General: 2024-01, y, en consecuencia, el recurrente resultó un licitador no agraciado.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, procedemos a disponer del presente recurso por los fundamentos que expondremos a continuación.

**I.**

El 31 de marzo de 2025, la Junta de Subastas del Municipio de Florida publicó un anuncio correspondiente a la Subasta

General: 2024-01 referente a regado de asfalto. Una vez culminado el periodo para someter ofertas, y luego de celebrada la apertura de las solicitudes, la recurrida se reunió el 9 de mayo de 2025 para evaluar las propuestas de cuatro licitadores, a saber: 1) PR Disposal 4 Contractor Services, 2) Best Road Asphalt, LLC., 3) Transporte Rodríguez Asfalto, Inc., y 4) A&M Solutions, LLC.

Posteriormente, la Justa de Subastas emitió la Notificación de No Adjudicación el 26 de junio de 2025, donde comunicó que la subasta fue adjudicada a favor de PR Disposal 4 Contractor Services. Como parte de su determinación, la recurrida incluyó una sección intitulada *Notificación* que lee de la siguiente manera:

> *Se le notifica a usted, por ser un licitador que participó en los procedimientos de esta subasta … que podrá solicitar revisión judicial ante el Tribunal de circuito de Apelaciones de la región de Arecibo correspondiente a la que pertenece el Municipio de Florida o ante el Tribunal Apelaciones de Puerto Rico, dentro del término jurisdiccional de **catorce (14) días contados a partir de la fecha de envío en autos de la copia esta notificación certificada por escrito**.*[1] (ennegrecida nuestras).

Inconforme con dicha determinación, Transporte Rodríguez Asfalto, Inc. recurre el 7 de julio de 2025 ante este foro apelativo intermedio y levanta el siguiente señalamiento de error:

> *Erró la Junta de Subastas del Municipio de Florida al emitir una notificación de adjudicación de subasta defectuosa, al no incluir correctamente el derecho a revisión judicial, la cual incumple con las Leyes y Jurisprudencia aplicable; privando de jurisdicción al Tribunal revisor y violentando el debido proceso de ley del recurrente.*

Mediante "Resolución" emitida el 9 de julio de 2025, otorgamos un término tanto a la recurrida, así como al licitador agraciado-recurrido, a vencer el 21 de julio de 2025, para la presentación de sus escritos en oposición.

En su lugar, la Junta de Subastas recurrió ante este foro el 16 de julio de 2025 mediante Moción de Desestimación por Falta

---

[1] Véase, Apéndice del recurso de revisión administrativa, Anejo Núm. 2, pág. 3.

de Jurisdicción. En respuesta, este Tribunal declaró el petitorio No Ha Lugar mediante nuestra Resolución de 17 de julio de 2025.

Insatisfecho con nuestra determinación, la recurrida presentó una Moción de Reconsideración de Moción de Desestimación por Falta de Jurisdicción el 17 de julio de 2025, donde reiteró su argumento de falta de jurisdicción, y en la alternativa, solicitó un término prorrogado para presentar su alegato en oposición. En respuesta, mediante Resolución emitida el 18 de julio de 2025, declaramos sin lugar la reconsideración, y a su vez, otorgamos a la Junta de Subastas un término final e improrrogable para la presentación de su escrito en oposición, a vencer el 29 de julio de 2025. En obediencia al término, la recurrida compareció según ordenado, en consecuencia, procedemos a resolver con el beneficio de ambos escritos.

## II.

El procedimiento de subastas gubernamentales está revestido del más alto interés público. *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 343-344 (2016); *Maranello et al v. O.A.T.*, 186 DPR 780, 789 (2012). Como la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, "la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico." *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007). A su vez, "las subastas gubernamentales buscan proteger los intereses del pueblo, procurando conseguir los precios más bajos posibles; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia; el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Aluma*

*Const. v. A.A.A.,* 182 DPR 776, 783 (2011); *Accumail P.R. v. Junta Sub. A.A.A.,* 170 DPR 831, 827 (2007).

En el caso de los municipios, tanto las subastas tradicionales como el requerimiento de propuestas que adjudique una Junta de Subastas Municipal, están reguladas por la Ley Núm. 107-2020, conocida como el Código Municipal de Puerto Rico (Ley Núm. 107-2020) y el "Reglamento para la Administración Municipal de 2016" (Reglamento Núm. 8873). *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 533-534 (2019).

En lo atinente al asunto ante nuestra consideración, el Art. 2.040(a) de la Ley Núm. 107-2020, dispone en torno a las funciones y deberes de la Junta de Subastas que:

> [l]a *adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.* **Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.** (Énfasis nuestro). 21 LPRA sec. 7216.

Por su parte, el Reglamento Núm. 8873, en su Capítulo VIII, Parte II, Sección 13, Inciso (3), también establece cuál debe ser el contenido de una notificación de una subasta municipal, a saber:

> *La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:*
>
> *(a) nombre de los licitadores;*
>
> *(b) **síntesis de las propuestas sometidas**;*
>
> *(c) **factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos**;*

*(d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de la adjudicación;*

*(e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.* (Énfasis nuestro).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha establecido claramente los efectos nocivos de una notificación defectuosa. En particular, ha precisado que una notificación defectuosa puede tener el efecto irremediable de afectar el derecho de una parte a cuestionar la adjudicación de subasta; también el de privar de jurisdicción al foro revisor para entender el asunto impugnado. *PR Eco Park et al. v. Mun. de Yauco, supra*; *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 38 (2000). Si la notificación en cuestión adolece de los requisitos establecidos por la legislación y reglamentación correspondiente, procede devolver el asunto para que se emita una notificación que cumpla con ello. *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733, 744 (2001)*; L.P.C. & D., Inc. v. A.C., supra,* a la pág. 880. Por ello, "[s]ólo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial". *IM Winner, Inc. v. Mun. de Guayanilla, supra.*

## III.

En síntesis, el recurrente arguye que la notificación recurrida carece de los elementos constitutivos para ser considerada una notificación válida toda vez que la Junta de Subastas erróneamente indicó a los licitadores no agraciados que poseían un término de 14 días para recurrir a esta Curia, plazo inconsistente con el derecho y la reglamentación aplicable. Asimismo, señaló que la determinación no estaba debidamente

fundamentada de acuerdo con las exigencias del Reglamento Núm. 8873, *supra.*

Por su parte, la Junta de Subastas arguye que, aunque no perfecta, su notificación fue sustancialmente válida y eficaz dado que cumplió con el deber de informar a la recurrente de su determinación, para que esta pudiera ejercer su derecho a una revisión judicial, tal como hizo. Colegimos que no le asiste la razón. Veamos.

Según expusimos en el acápite anterior, el Art. 2.040(a) de la Ley Núm. 107-2020, *supra,* dispone que "**[t]oda adjudicación tendrá que ser notificada a cada uno de los licitadores apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones**." (énfasis nuestro).

En vista de lo anterior, resulta evidente que la Junta de Subastas erró en su deber de apercibir a los licitadores no agraciados sobre su derecho a recurrir ante este Tribunal. Ello, pues según examinamos en el tracto procesal del presente escrito, **la notificación hecha por la recurrida especificaba que el término para entablar una revisión judicial era de catorce (14) días**, en lugar de diez (10) días como establece la legislación y reglamentación aplicable.

Por tratarse de una notificación defectuosa, este Tribunal se ve obligado —de conformidad con los pronunciamientos jurisprudenciales examinados— a devolver el asunto a la Junta de Subastas para que esta corrija su inobservancia. Una vez la determinación se notifique adecuadamente, es que comenzará a transcurrir el término para acudir a este foro revisor.

Por tal razón, esta Curia está vedada de atender los demás argumentos señalados en el recurso referentes a los requisitos de

forma presuntamente omitidos por la recurrida en su Notificación de No Adjudicación.

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, se devuelve el caso a la Junta de Subastas del Municipio de Florida para que emita una adecuada notificación conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones