Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| B Consulting, LLC<br><br>Recurrente<br><br>vs.<br><br>Municipio Autónomo de Aguadilla; Junta de Subastas del Municipio Autónomo de Aguadilla<br><br>Recurridas<br><br>Pacífico Group, Inc.<br><br>Licitadora-Agraciada | TA2025RA00158 | **REVISIÓN ADMINISTRATIVA** procedente de la Junta de Subastas del Municipio Autónomo de Aguadilla<br><br>Subasta Núm.: 2026-113<br><br>Sobre: Impugnación de Adjudicación y de Notificación de Adjudicación de Subasta Núm. 19, Serie 2023-2024, Reglón Núm. 4, para la Adquisición de Equipo de Radiofrecuencia para Sistema de Emergencias |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Comparece B Consulting, LLC (B Consulting o parte recurrente), y nos solicita la revocación de una Notificación de Adjudicación de Subasta emitida el 5 de agosto de 2025 por la Junta de Subasta del Municipio Autónomo de Aguadilla (Junta de Subastas). Mediante la referida determinación, la Junta de Subastas adjudicó la buena pro a favor de Pacífico Group Inc. (Pacífico Group).

Examinada la totalidad del expediente a la luz del derecho vigente, procedemos a desestimar el presente recurso por los fundamentos que expondremos a continuación.

# I.

El 27 de junio de 2025, la Junta de Subastas publicó un Aviso de Subasta (Núm. 2026-113) para la contratación de una firma de consultoría que asista en el desarrollo de proyectos de recuperación de desastres, según se describe a continuación:

> *RFP for professional services firm of consultants with experience in providing disaster recovery project development services support and technical assistance for the public assistance (PA) hazard mitigation grants program (HMGP) in connection with all current federal declared disasters and any subsequent presidentially declared disaster which may occur during the term of contract for which FEMA PA and HMGP funds are approved by the federal government.*[1]

Cónsono con lo informado, los siguientes licitadores sometieron sus respectivas propuestas: (1) Nova Forge Consulting Patners, LLC, (2) B Consulting, LLC, (3) Pacífico Group Inc., (4) MM Consulting Services, (5) Institute for Building Technology & Safety.

Evaluadas sus propuestas, el 5 de agosto de 2025, la Junta de Subastas emitió una Notificación de Adjudicación de Subasta que incluyó esta determinación:

> ***[A] base lo dispuesto en la Ley, Reglamento y, las condiciones y especificaciones de la subasta se adjudica la Subasta número 2026-113 "RFP" for professional services firm of consultants with experience in providing disaster recovery project development services support and technical assistance for the public assistance (PA) hazard mitigation grants program (HMGP) in connection with all current federal declared disaster and any subsequent presidentially declared disaster w[h]ich may occur during the term of contract for w[h]ich FEMA PA and HMGP funds are approved by the federal government, al licitador Pacífico Group, Inc., ya que fue el único licitador con precios razonables, cumplió con todas las especificaciones y completó los documentos del Registro del Licitador. La junta verificó referencias que fueron incluidas en pliego y fueron favorables.***[2] (Énfasis nuestro).

---

[1] Entrada número uno (1), del Sistema Unificado de Administración y Manejo de Casos del Tribunal de Apelaciones (SUMAC TA), pág. 1.
[2] Entrada número uno (1), pág. 3 de SUMAC TA.

Inconforme, el 15 de agosto de 2025, B Consulting recurrió ante nos mediante un Recurso de Revisión Judicial. En su escrito, esbozó los siguientes señalamientos de error:

a) *Erró el Municipio y su Junta de Subastas al adjudicar la Subasta Núm. 2025-113 a un licitador distinto a B Consulting, a pesar de que este último obtuvo la puntuación más alta en el criterio de precio, cumplió con todos los requisitos del pliego y ostentaba la condición de licitador razonable más bajo, sin exponer de forma clara y escrita las razones de interés público que justificaran lo contrario, en contravención al Código Municipal, su Reglamento y la normativa aplicable a subastas públicas.*

b) *Erró la Junta de Subastas al emitir una notificación de adjudicación vaga, carente de fundamentos objetivos y sin detallar las puntuaciones, criterios evaluados, defectos de las propuestas no favorecidas ni las razones específicas para no adjudicar a B Consulting, sustentando su decisión en criterios subjetivos y no evidenciados en el expediente administrativo, en violación de la jurisprudencia, el deber de notificación adecuada y los principio de competencia, transparencia y sana administración pública.*

Con posterioridad, el 18 de agosto de 2025, la parte recurrente presentó una Moción Solicitando Auxilio de Jurisdicción. En este escrito, peticionó la paralización de la contratación del licitador agraciado mientras el recurso está pendiente de revisión apelativa. Examinada la referida moción, ese día, este Tribunal de Apelaciones emitió una Resolución en la cual ordenó la paralización inmediata de los procedimientos relativos al presente caso.

A su vez, mediante dicha determinación, este foro intermedio apelativo concedió a la parte recurrida el término a vencer el 28 de agosto de 2025 para presentar su postura. En cumplimiento, el 27 de agosto de 2025, la Junta de Subastas del Municipio de Aguadilla radicó una Solicitud de Desestimación y/u Oposición a Solicitud de Revisión Judicial y en Cumplimiento de Resolución.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el derecho que rige a la controversia, que nos ocupa.

## II.

## A.

El proceso de subasta está revestido del más alto interés público y aspira a promover la sana administración gubernamental. *CD Builders v. Mun. Las Piedras*, 196 DPR 336, 343 (2016); *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009). Este constituye el vehículo procesal más utilizado por el Estado en la adquisición de bienes y servicios. *Mun. Aguada v. W Const. y Recovery Finance*, 214 DPR 432, 454 (2024); *ECA Gen. Contrac. v. Mun. de Mayagüez*, 200 DPR 665, 672 (2018). Así pues, la celebración de subastas persigue que el contrato se adjudique al mejor postor para evitar favoritismo, corrupción, extravagancia y descuido al otorgarse los contratos. *Cordero Vélez v. Mun. de Guánica*, 170 DPR 237, 245 (2007); *A.E.E. v. Maxon*, 163 DPR 434, 439 (2004).

En armonía con lo anterior, el Art. 2.035 del Código Municipal de Puerto Rico, Ley 107-2020, 21 LPRA sec. 7211, según enmendado, (Código Municipal), faculta a los municipios a adoptar la reglamentación atinente a la adquisición de equipos, suministros y servicios públicos mediante la celebración de subastas. A su vez, esta legislación instaura la creación de una Junta de Subasta que ostenta el deber de: (1) evaluar las propuestas de los licitadores, (1) adjudicar la buena pro al postor razonable y (3) notificar a todos los licitadores respecto a la adjudicación. En cuanto a este último, el Art. 2.040(a) del Código Municipal preceptúa la exigencia de una notificación de subasta de la siguiente manera:

> *La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.* 21 LPRA sec. 7216(a).

En virtud de tales preceptos, el Secretario del Departamento de Estado de Puerto Rico adoptó el Reglamento para la Administración Municipal, Reglamento Núm. 8873 de 19 de diciembre de 2016 (Reglamento 8873), cuyo contenido establece los criterios de una notificación adecuada referente a la adjudicación de subasta.  En particular, la Sección 13(3) del Capítulo VIII en la Parte II del Reglamento Núm. 8873 prescribe las formalidades de la notificación de adjudicación de subasta municipal, a saber:

> *La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:*
>
> *(a) nombre de los licitadores;*
>
> *(b) síntesis de las propuestas sometidas;*
>
> ***(c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;***
>
> *(d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de la adjudicación;*
>
> *(e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.* (Énfasis nuestro).

Las formalidades discutidas garantizan el debido proceso de ley que procura una notificación adecuada para ejercer efectivamente el derecho a la revisión judicial. *IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000). Entiéndase que, "la correcta y oportuna notificación de una adjudicación de una Junta de Subastas es un requisito *sine qua non* de un ordenado sistema cuasijudicial y su omisión puede conllevar graves consecuencias". *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019); *IM Winner, Inc. v. Mun. de Guayanilla, supra*, a la pág. 37. Ello, pues, "solo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial. *PVH Motor v. ASG*, 209 DPR 122, 132 (2022); *PR Eco Park et al. v. Mun. de Yauco, supra*, a la pág. 538.

En cuanto a este asunto, el Tribunal Supremo de Puerto Rico ha establecido que incluir los fundamentos en la notificación de adjudicación de subasta garantiza el derecho a la revisión judicial:

> *Al requerir que se incluyan los fundamentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable. Este aspecto cobra especial importancia en el caso de subastas públicas, ya que implican directamente el desembolso de fondos públicos. Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733, 742 (2001); *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869, 878 (1999).

Es decir, si la notificación adolece de fundamentos se imposibilita ejercer la jurisdicción en una etapa de revisión judicial:

> *[S]in contar con estas garantías procesales mínimas, el derecho a revisar la determinación de la correspondiente junta de subastas sería ineficaz. La falta de una notificación adecuada podría afectar el derecho de una parte a cuestionar la correspondiente subasta. Esto pues, no se podría cuestionar judicialmente lo que no se conoce. IM Winner, Inc. v. Mun. de Guayanilla, supra*, a la pág. 37.

En aras de no incidir en el debido proceso de ley, la notificación debe incluir los factores o los criterios para adjudicar la subasta, así como las razones para no adjudicar a los licitadores perdidosos, según dispone el inciso (c) de la Sección 13(3) del Capítulo VIII, Parte II del Reglamento Núm. 8873, *supra*. De lo contrario, "el tribunal se vería en la necesidad de celebrar un juicio de *novo* cada vez que fuera a revisar las actuaciones de las agencias y los municipios". *Pta. Arenas Concrete, Inc. v. J. Subastas, supra*, a la pág. 743. Por tal razón, "no basta con informar la disponibilidad y el plazo para solicitar la reconsideración y la revisión". *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 878 (1999); *RBR Const., S.E. v. A.C.,* 149 DPR 836, 854 (1999). Esta normativa posibilita que los tribunales ejerzan su función revisora. *Pta. Arenas Concrete, Inc. v. J. Subastas, supra*, a la pág. 742; *L.P.C. & D., Inc. v. A.C., supra*, a la pág. 878. No obstante, si la notificación es defectuosa, priva de jurisdicción al foro revisor, pues el recurso presentado es prematuro. *PR Eco Park et al. v. Mun. de Yauco, supra*, a la pág. 538; *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

## III.

En el recurso de epígrafe, B Consulting señala que incidió la Junta de Subastas al emitir una notificación de adjudicación carente de fundamentos objetivos. Argumenta que, en la referida notificación no se detallan los criterios contenidos en la evaluación ni sus respectivas puntuaciones. Agrega que, en el escrito notificativo tampoco se establecen los defectos de aquellas propuestas que no resultaron favorecidas. En vista de ello, razona que, la Junta de Subastas amparó su adjudicación en criterios subjetivos, en contravención a los principios de una adecuada notificación y sana administración pública.

Por su parte, la Junta de Subastas arguye que, adjudicó la buena pro a Pacífico Group en ausencia de abuso de discreción, arbitrariedad y capricho. Aduce que el licitador seleccionado, a diferencia de B Consulting, cumplió con los requisitos de experiencia previa, buena reputación y precios competitivos y razonables. Por lo anterior, nos solicita que nos abstengamos de intervenir en la adjudicación impugnada.

Como cuestión umbral, nos corresponde examinar si ostentamos jurisdicción para atender la determinación alcanzada por la Junta de Subastas del Municipio de Aguadilla. Tras evaluar el recurso presente, adelantamos que carecemos de jurisdicción, pues la notificación de adjudicación de subasta no establece adecuadamente los fundamentos que motivaron a adjudicar la buena pro a favor de Pacífico Group. Veamos.

Al efectuar nuestro examen jurisdiccional, contemplamos que el documento notificativo referente a la subasta incumple sustancialmente con el inciso (c) de la Sección 13(3) del Capítulo VIII, Parte II del Reglamento Núm. 8873, *supra.* Recordemos, pues, que este precepto reglamentario dispone dos requisitos esenciales para una adecuada notificación, a saber: (1) los factores o los criterios que se tomaron en cuenta para adjudicar la subasta, y (2) las razones para no adjudicar a los licitadores perdidosos.

A la luz de tales criterios, observamos que la notificación emitida por la Junta de Subastas carece de los factores y los criterios ponderados para adjudicar la subasta al licitador favorecido. A su vez, notamos que no contiene las razones por las cuales no se adjudicó la buena pro a los licitadores perdidosos. En efecto, concluimos que, tales deficiencias impiden cuestionar de manera adecuada la adjudicación cuestionada, lo cual consecutivamente incide en el debido proceso de ley de los licitadores no favorecidos.

Ante los defectos señalados en el escrito notificativo, advertimos que este Tribunal está privado de jurisdicción para atender el recurso en sus méritos. Por ende, subrayamos que, la presentación de dicho recurso es prematura, según establece el derecho imperante. Véanse *PR Eco Park et al. v. Mun. de Yauco, supra,* a la pág. 538; *Yumac Home v. Empresas Massó, supra,* a la pág. 107. En vista de lo anterior, nos corresponde devolver el asunto a la Junta de Subastas para que corrija las inobservancias identificadas en la notificación. Ahora bien, una vez el referido cuerpo adjudicador emita una notificación conforme a los parámetros reglamentarios aquí discutidos, comenzará a transcurrir el término para acudir a este foro revisor.

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, se devuelve el caso a la Junta de Subastas del Municipio de Aguadilla a los fines de que emita una notificación con las exigencias contemplada en la Sección 13(3) del Capítulo VIII, Parte II, del Reglamento Núm. 8873.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones