PASCASIO FAJARDO MARTÍNEZ, demandante y apelante, *v.* LA ASAMBLEA MUNICIPAL DE MAYAGÜEZ, ETC., demandada y apelada.

No. 6714.—*Sometido:* Marzo 6, 1935. *Resuelto:* Abril 24, 1936.

*Pascasio Fajardo Martínez,* por su propio derecho; *Oscar Souffront,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Pascasio Fajardo Martínez estaba ansioso de obtener del municipio de Mayagüez el usufructo de un pequeño solar para construir allí su oficina. Presentó la solicitud correspondiente a la Asamblea Municipal, más no acompañó los planos del edificio. En 5 de diciembre de 1932 la asamblea refirió su solicitud al comité correspondiente, el cual informó favorablemente el mismo día. También en dicho día la asamblea aprobó una ordenanza concediendo el usufructo solicitado. Una escritura del mismo fué otorgada e inscrita en el Registro de la Propiedad de Mayagüez. Posteriormente varias personas se opusieron por escrito y solicitaron se anulara la ordenanza. Alegaban que el terreno en cuestión formaba parte de una calle pública y una de ellas manifestó que el uso del terreno por Pascasio Fajardo impediría que tuviese acceso a un garage de su pertenencia. La asamblea refirió la

petición de nulidad a un comité, que informó a la primera como sigue:

"La Comisión Jurídica informa que refirió al director de obras públicas la impugnación de la ordenanza concediendo el uso y usufructo de un solar del municipio al Lcdo. Pascasio Fajardo Martínez y el Director de Obras Públicas rindió el siguiente informe:

" 'En el plano de urbanización hecho por el Sr. Soler, fecha agosto de 1929, aparece como prolongación de la Calle Dr. Basora.

" 'Muy respetuosamente, (Fdo.) Alonso Aguilar, Director Obras Públicas.'

"La Comisión concedió una audiencia a las partes interesadas donde se debatió ampliamente el asunto.

"Basándose en los argumentos aportados por las partes y por el Director de Obras Públicas, la Comisión recomienda:

"Se revoque la ordenanza aprobada por la Asamblea Municipal de Mayagüez en 5 de diciembre de 1932 concediendo al Lcdo. Pascasio Fajardo Martínez el uso y usufructo de un solar propiedad del Municipio.

"Mayagüez, P. R., 7 de marzo de 1933."

Entonces la asamblea, mediante resolución redactada más o menos en forma de ordenanza, anuló o trató de anular la concesión del usufructo.

Pascasio Fajardo presentó una solicitud de *certiorari* a la Corte de Distrito de Mayagüez, la que expidió el auto y más tarde lo anuló. En contestación se presentó un *return* por la Asamblea Municipal de Mayagüez, que constituye parte de los autos en apelación.

La Corte de Distrito de Mayagüez estaba bajo la impresión de que por este *return* la corte no tenía derecho a entrar en cuestiones de hecho. Sin embargo, el auto no es el clásico de *certiorari*, sino una manera de proceder para revisar un acto legal o quizá de otra índole de una asamblea municipal. *Padilla* v. *Corte*, 35 D.P.R. 301; *Pueblo* v. *Oms*, 34 D.P.R. 455.

Hemos ido al extremo de indicar que cuestiones *aliunde* podrían ser investigadas en el curso de un procedimiento como el presente. *Pueblo* v. *Oms*, supra. La apelada sostiene, y

así lo resolvió la corte de distrito, que los planos del edificio debieron haber acompañado la petición original. En realidad, los planos no fueron presentados hasta el 20 de enero de 1933, y si el municipio no insistió podría considerarse que renunció a los mismos.

El apelante trata de atacar la resolución de marzo 1, 1933, por no estar redactada ésta en forma de una ordenanza. Convenimos, sin embargo, con la apelada en que sustancialmente era una ordenanza, suponiedo, desde luego, que el municipio tuviera derecho a revocar su actuación anterior.

Examinando el informe de la comisión jurídica que sirvió de base a la actuación de la asamblea de marzo 1, 1933, puede concebirse que el mismo no fuera enteramente concluyente para el apelante si en realidad él hubiera tratado de elevar prueba *aliunde* para demostrar la naturaleza parafernal del solar.

La corte, es cierto, entró sólo muy ligeramente, si acaso, en la cuestión de si el solar formaba parte de una calle pública, y hemos tenido algunas dudas acerca de si podría no haberlo hecho.

Sin embargo, examinando los autos hallamos que cuando la comisión jurídica consideraba la naturaleza pública o parafernal del terreno, se le sometieron tres planos de la ciudad de Mayagüez. La apelada sostiene que estos planos demuestran que el sitio era en realidad la continuación de la calle del Doctor Basora. Los planos no han sido elevados a este tribunal y el dejar de hacerlo así milita contra el apelante.

No sólo ha dejado el apelante de elevar estos planos, sino que no ha hecho nada para demostrar que la asamblea municipal no tuvo ante sí suficiente prueba para llegar a su determinación final.

Por tanto, se hace innecesario discutir las cuestiones de derechos adquiridos o las consideraciones de ley constitucional. Somos de opinión que si la calle del Dr. Basora fué definitivamente dedicada al público, no se demostró violación

alguna de los derechos de propiedad ni infracción de derechos constitucionales.

El apelante habla de que no se le notificó con treinta días de anticipación al fijado para la celebración de la asamblea, mas como él asistió a ella, aparentemente sin protesta alguna, debe pasarse por alto tal objeción.

*Debe confirmarse la sentencia apelada.*