ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **BORÍKEN SUBSEA PARTNERS, LLC**<br>RECURRENTE(S)<br><br><br>V.<br><br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO; OFICINA DE GERENCIA Y PRESUPUESTO (OGP); PUERTO RICO BROADBAND PROGRAM**<br>RECURRIDA(S)<br><br>**OCEAN NETWORK, INC.; TETRA TECH, INC.; Y CONNECTED NATION, INC.**<br>PARTE(S) INTERESADA(S) | **TA2025RA00025** | ***REVISIÓN DE DECISIÓN ADMINISTRATIVA*** procedente de la **OFICINA DE GERENCIA Y PRESUPUESTO (OGP)**<br><br><br>Propuesta Núm.: **PRBP-2024-CPF-RPBIF-001**<br><br><br>Sobre:<br>Adjudicación de Requerimiento de Solicitud de Propuesta (RFP) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón; la Juez Barresi Ramos; y el Juez Sánchez Báez.[1]

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 12 de enero de 2026.

Comparece ante este Tribunal de Apelaciones, **BORÍKEN SUBSEA PARTNERS, LLC** (**BORÍKEN**) mediante un *Recurso de Revisión Administrativa* instado el 26 de junio de 2025. En su escrito, nos solicita que revisemos la misiva intitulada *Re: Puerto Rico Broadband Program Request for Proposals Seeking Submarine Cable Routes and Landing Station Desktop Study Services* (*Notificación de Adjudicación*) fechada 14 de mayo de 2025 suscrita por el **PUERTO RICO BROADBAND PROGRAM** (**PRBM**) de la **OFICINA DE GERENCIA Y PRESUPUESTO**, adscrita a la **OFICINA DE LA GOBERNADORA** (**OGP**).[2] Mediante esta providencia administrativa, se le notificó que: "[l]amentamos informarle

---

[1] Véase *Orden Administrativa DJ 2024-062C de 6 de mayo de 2025* sobre *Designación de Paneles en el Tribunal de Apelaciones*.

[2] Apéndice del R*ecurso de Revisión Administrativa*, entrada núm. 2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

que, tras una cuidadosa evaluación, el Programa ha determinado que su Propuesta no era las más ventajosa para los servicios requeridos mediante el RFP".

Exponemos el trasfondo fáctico y procesal que acompaña la presente controversia.

## - I -

El día 4 de diciembre de 2024, el **PRBM** publicó *Request for Proposal: Desktop Study for the Development of a Submarine Communications Cable System in Puerto Rico* [RFP Number: PRBP-2024-CPF-RPBIF-001].[3] Lo anterior, para la prestación de servicios profesionales y de ingeniería para el desarrollo de un "estudio de escritorio" o revisión preliminar de información sobre el proyecto para determinar qué datos adicionales pueden ser necesarios para el diseño final. Ello, con el propósito de recabar los servicios para el diseño, la construcción y la operación de un sistema de cableado submarino de telecomunicaciones más resistente y redundante para la isla.[4] El aviso requería presentar una propuesta con los requisitos necesarios para seleccionar al proponente mejor cualificado en o antes de 10 de enero de 2025.[5] Los proponentes participantes lo fueron **BORÍKEN**, **OCEAN NETWORKS, INC./TETRA TECH, INC. (OCEAN/TETRA)**; y **CONNECTED NATION, INC. (CONNECTED)**.

El 7 de abril de 2025, se circuló un *Memorando Interno* en el cual el señor Kevin Wessendorf, presidente del Comité de Evaluación, detalló las

---

[3] Apéndice del R*ecurso de Revisión Administrativa*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] Véase, *Desktop Study for the Development of a Submarine Communications Cable System in Puerto Rico*, pág. 7.

[5] La sección 2 – "*Description of Procurement Process: Schedule of Key Dates*" del RFP tuvo tres (3) enmiendas.
   1) Primera Enmienda: extendió el término de la fecha límite al 31 de enero de 2025, basándose en comentarios de proponentes potenciales que solicitaron tiempo adicional para completar el proceso, debido a la complejidad del trabajo.
   2) Segunda Enmienda: amplió el Cronograma de Evaluación del 3 de febrero de 2025 al 14 de marzo de 2025, por la necesidad de tiempo adicional para que el Comité de Evaluación completara el proceso.
   3) Tercera Enmienda: se prolongó la fecha de Notificación de Adjudicación al 25 de abril de 2025, en virtud de un requerimiento de aprobación del proponente recomendado seleccionado por el Comité de Evaluación.

puntuaciones finales de la evaluación de las propuestas sometidas y recomendó la adjudicación del RFP a **OCEAN NETWORKS, INC.**[6] Posteriormente, el 14 de mayo de 2025, el señor Heriberto Luna, director ejecutivo de **PRBP**, difundió la *Notificación de Adjudicación* impugnada.

Al día siguiente, 15 de mayo de 2025, **BORÍKEN** cursó una correspondencia dirigida a **PRBP** en la cual inquirieron una copia de la totalidad del expediente administrativo del *RFP*.[7] En respuesta, el 21 de mayo de 2025, **PRBP** enunció que habían preparado los documentos para su entrega dentro del periodo de diez (10) días.[8] De igual manera, en un segundo correo electrónico, adjuntaron las propuestas de los proponentes que compitieron en el **RFP**.

En desacuerdo, el 27 de mayo de 2025, **BORÍKEN** presentó *Solicitud de Revisión de Boríken Subsea Partners, LLC* ante **PRBP.**[9] Reclamó la revocación de la adjudicación del *RFP* a favor de **OCEAN/TETRA**. Adujo, entre otras, que la aludida notificación de adjudicación carece de todos los requisitos mínimos establecidos por el Tribunal Supremo: (i) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (ii) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (iii) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (iv) la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial.

Ante la inacción de **PRBP**, el 26 de junio de 2025, **BORÍKEN** acudió ante este tribunal revisor intermedio mediante su *Recurso de Revisión Administrativa* señalando el(los) siguiente(s) error(es):

> Erró el PRBP de la OGP al emitir la notificación de adjudicación de Request for Proposal PRBP-2024-CPF-PRBIF-011 por ser deficiente y, por consiguiente, nula.

---

[6] Apéndice del *Recurso de Revisión Administrativa*, entrada núm. 51 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[7] Apéndice del *Recurso de Revisión Administrativa*, entrada núm. 53 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] *Íd.*

[9] Apéndice del *Recurso de Revisión Administrativa*, entradas núm. 54- 72 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

Erró el PRBP de la OGP al adjudicar el Request for Proposal PRBP-2024-CPF-PRBIF-011 a favor de Ocean Networks/ Tetra Tech, cuya propuesta no cumplió con requisitos mínimo, esenciales y materiales de ley, reglamento y del RFP, por lo que debió ser descalificada.

El 22 de julio de 2025, intimamos *Resolución* en la cual concedimos un período perentorio de siete (7) días para presentar su alegato en oposición a **ESTADO LIBRE ASOCIADO DE PUERTO RICO; OFICINA DE GERENCIA Y PRESUPUESTO (OGP); PUERTO RICO BROADBAND PROGRAM**. Luego de una prórroga, el 5 de agosto de 2025, la **OGP**, por conducto de la **OFICINA DEL PROCURADOR GENERAL DE PUERTO RICO**, presentó su *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*. Alegó que está exenta de la aplicación de las disposiciones de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU). El 12 de agosto de 2025, **BORÍKEN** presentó *Moción Informativa y en Solicitud de Desglose.* Al otro día, el 13 de agosto de 2025, la **OGP**, por conducto de la **OFICINA DEL PROCURADOR GENERAL DE PUERTO RICO**, presentó una *Breve Réplica a Moción Informativa y Solicitud de Desglose*. Poco después, el 15 de agosto de 2025, **BORÍKEN** presentó su *Solicitud para Presentar Réplica al Alegato de la Oficina de Gerencia y Presupuesto*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

- II -

- A – *SUBASTAS Y REQUEST FOR PROPOSAL*

La subasta formal y el *requerimiento de propuestas (Request for Proposal- RFP*) son los dos (2) vehículos procesales ordinariamente utilizados por el Gobierno, así como los municipios, para la adquisición de bienes y servicios.[10] Su objetivo principal es brindarle protección al erario mediante el

---

[10] *Transporte Sonnell, LLC v. Junta de Subastas*, 2024 TSPR 82; 214 DPR ____; *Puerto Rico Asphalt v. Junta*, 203 DPR 734, 737 (2019) (sentencia).

acceso a la construcción de obras públicas y la adquisición de servicios de calidad para el Gobierno al mejor precio posible.[11]

El *requerimiento de propuestas* se distingue por ser un procedimiento más flexible e informal para la adquisición de bienes y servicios por el Gobierno.[12] A diferencia de la subasta, este mecanismo permite que, durante la evaluación de las propuestas, el Estado pueda entablar negociaciones con los licitadores. De forma que les confiere a estos la oportunidad de revisar y modificar sus ofertas antes de la adjudicación de la buena pro.[13] Este procedimiento se utiliza cuando se interesa obtener bienes o servicios especializados que involucran asuntos altamente técnicos y complejos, o cuando existen pocos competidores cualificados.[14]

El *requerimiento de propuestas* debe incluir aquellos requisitos y factores que se emplearán para la adjudicación del contrato; el valor o peso que se asigne a éstos; y las fechas en que se recibirán y evaluarán las propuestas y se adjudicará la buena pro.[15] Un *RFP* no está exento de revisión judicial.[16]

De manera que, en aras de ejercer tal derecho, resulta indispensable que las notificaciones que se emitan durante estos procesos se realicen correctamente a todas las partes.[17]

### - B – *NOTIFICACIONES*

El Art. 4.002 de la Ley Núm. 201-2003, según enmendada, conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico* implanta la competencia del Tribunal de Apelaciones, disponiendo que podrá conocer de los siguientes asuntos: (a) recursos de *apelación* de toda sentencia final dictada por el Tribunal de Primera Instancia; (b) recursos de *certiorari* expedido a su discreción de cualquier resolución u orden dictada por el

---

[11] *Super Asphalt v. AFI y otro*, 206 DPR 803, 821 (2021).
[12] *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 996 (2009).
[13] *Íd.*, pág. 997.
[14] *St. James Sec. v. AEE*, 213 DPR 366 (2023).
[15] *R & B Power v. E.L.A.*, 170 DPR 606, 622 (2007).
[16] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, 213. DPR ____ (2024).
[17] *Íd.*

Tribunal de Primera Instancia; (c) recursos de *revisión judicial* de las decisiones finales de los organismos y agencias administrativas; (d) recursos de *mandamus y habeas corpus;* y (e) cualquier otro asunto determinado por ley especial.[18]

Ante ello, son los tribunales quienes tienen la obligación de asegurar que las entidades públicas cumplan con las disposiciones normativas aplicables, los reglamentos y procedimientos adoptados para regir la celebración de subastas para la adquisición de bienes y servicios del sector privado. Del mismo modo deben afianzar que en estos procesos se trate de forma justa e igualitaria a todos los licitadores al momento de recibir y evaluar sus propuestas, así como de adjudicar la subasta.[19]

Nuestro más Alto Curia ha reconocido que el derecho a cuestionar una adjudicación o decisión final, mediante el mecanismo de *revisión judicial,* es parte del debido proceso de ley.[20] Por esto, resulta indispensable que se notifique adecuadamente a todas las partes cobijadas por ese derecho.[21] Si no se cumpliera con estas garantías mínimas, el derecho a revisar la disposición de la Junta de Subastas sería ineficaz debido a que el propósito de la notificación es que los licitadores perdidosos tengan la oportunidad de interpelar revisión judicial dentro del término jurisdiccional aplicable.[22]

Asimismo, nuestro Tribunal de Última Instancia ha dilucidado que la exigencia de fundamentar la adjudicación de una subasta permite al tribunal cumplir con su obligación constitucional de afianzar que el derecho a obtener la *revisión judicial* de una decisión sea efectivo.[23] Detalla, además, que una notificación fundada permite que los tribunales puedan revisar efectivamente los fundamentos para concluir si la adjudicación ha sido arbitraria, caprichosa o irrazonable, más aún en el caso de subastas públicas,

---

[18] Art. 4.002 de la Ley Núm. 201-2003, 4 LPRA § 24 (y).
[19] *RBR Const., S.E. v. A.C.*, 149 DPR 836, 856 (1999).
[20] *Puerto Rico Asphalt v. Junta, supra; PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525 (2019).
[21] *Íd.*
[22] *Íd.*
[23] *Íd.,* haciendo referencia a *L.P.C. & D, Inc. v. A.C.*, 149 DPR 869, 877- 888 (1999).

en virtud de las cuales se desembolsan fondos públicos.[24] Si la parte adversamente afectada desconoce los fundamentos que propiciaron la decisión, *el trámite de la revisión judicial de la determinación administrativa se convertiría en un ejercicio fútil.*[25] En este sentido, *no basta con informar la disponibilidad y el plazo para solicitar la reconsideración y la revisión.*[26]

Atinente al contenido de la notificación de la adjudicación de la subasta, tanto la normativa aplicable como las opiniones pronunciadas han sido enfáticas y claras en lo que debe incluir para que satisfaga las exigencias mínimas del debido proceso de ley y facilite la revisión judicial. En el caso *L.P.C.& D., Inc. v. A.C., supra*, ante una notificación de una adjudicación de subasta de una agencia administrativa en la cual se advirtió de la disponibilidad y el término para solicitar reconsideración, *pero no se fundamentó la determinación*, por primera vez se implantó que una decisión administrativa tenía que estar fundamentada, pues una parte necesita conocer los motivos de la agencia para poder ejercer su derecho a la revisión judicial.[27] Así, prescribió que una notificación sobre adjudicación de subasta, aunque sea de forma sumaria y sucinta, debía incluir: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se consideraron para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y; (4) la disponibilidad y el plazo para solicitar la reconsideración y la *revisión judicial.*[28] Posteriormente, en *Pta. Arenas Concrete, Inc. v. J. Subastas, supra*, se hizo extensiva dicha norma a las subastas celebradas por los municipios.[29]

A raíz de esto, se ha concretado que "*una notificación defectuosa puede tener el efecto irremediable de afectar el derecho de una parte a cuestionar la adjudicación de subasta; también el de privar de jurisdicción al foro revisor*

---

[24] *Pta. Arenas Concrete, Inc. v. J. Subastas*, 153 DPR 733, 742 (2001).
[25] *Puerto Rico Asphalt v. Junta, supra*; *L.P.C.& D., Inc. v. A.C., supra*, pág. 878.
[26] *Íd.*
[27] *L.P.C.& D., Inc. v. A.C., supra*, págs. 878- 879.
[28] *L.P.C.& D., Inc. v. A.C., supra*, págs. 879.
[29] *Pta. Arenas Concrete, Inc. v. J. Subastas, supra*, págs. 743- 744.

*para entender el asunto impugnado".[30]* Si la notificación en cuestión adolece de los requisitos instituidos por la legislación y reglamentación, procede devolver el asunto para que formule una notificación que cumpla con ello.[31] Por ende, *"[s]ólo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial".[32]*

Esta exigencia hace efectivo el ejercicio del derecho a solicitar *revisión judicial* de las adjudicaciones de subasta, toda vez que —al conocer el perjudicado las razones que tuvo el ente administrativo o municipal para su determinación— este contará con los fundamentos necesarios para cuestionarla, y los tribunales estaremos aptos para ejercer nuestra función revisora.[33]

Al ejercer la función revisora en casos de subastas o *request for proposal*, los tribunales apelativos mostrarán gran consideración y deferencia a la adjudicación administrativa por razón de su experiencia y conocimiento especializado. Empero, tales determinaciones no gozan de deferencia cuando no son razonables, hay ausencia de prueba adecuada para sostenerla, se cometió un error manifiesto en su apreciación o tiene visos de arbitrariedad.[34] Es decir, tanto las adjudicaciones de subastas como las decisiones administrativas tienen a su favor una presunción de legalidad y corrección que debe ser respetada mientras la parte que las impugne no produzca suficiente evidencia para derrotarla.[35] La cuestión debe decidirse a la luz del interés público y la determinación debe ser sostenida si cumple con el criterio de razonabilidad.[36]

### - C – *Ley de la Administración de Servicios Generales*

---

[30] *Puerto Rico Asphalt v. Junta, supra; PR Eco Park et al. v. Mun. de Yauco, supra; IM Winner, Inc. v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000).

[31] *Puerto Rico Asphalt v. Junta, supra; Pta. Arenas Concrete, Inc. v. J. Subastas, supra,* pág. 744; *L.P.C.& D., Inc. v. A.C., supra,* pág. 880.

[32] *IM Winner, Inc. v. Mun. de Guayanilla, supra,* pág. 738.

[33] *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886 (2007); *L.P.C. & D., Inc. v. A.C., supra,* pág. 879.

[34] *Torres Prods. v. Junta Mun. Aguadilla, supra; RBR Const. SE v. AC*, 49 DPR 836, 856- 857 (1999).

[35] *Caribbean Communication v. Pol. de P.R., supra,* pág. 1006.

[36] *Íd.*; *A.E.E. v. Maxon*, 163 DPR 434 (2004); *RBR Const. SE v. AC, supra,* págs. 856- 857.

La *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019* (ASG) tuvo el objetivo de convertir la ASG en la única entidad gubernamental facultada para llevar a cabo los procedimientos de adquisición de bienes, obras y servicios del Gobierno de Puerto Rico.[37] En virtud de las facultades delegadas por la Ley 73-2019, la ASG adoptó el Reglamento Núm. 9230, conocido como *Reglamento Uniforme de Compras y Subastas de Bienes, Obras y Servicios No Profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico* (Reglamento 9230) en el cual se instituyen todas las normas y procedimientos a seguir por la ASG en la tramitación de todas sus compras y subastas.[38]

Se ha reconocido el interés apremiante gubernamental de proteger la mejor utilización de los fondos públicos, con el propósito de promover la sana competencia a fin de lograr precios más competitivos y el mejor valor para adquirir bienes, obras y servicios de calidad.[39]

De este modo, la sección 7.2.17(13) del Reglamento Núm. 9230, *supra*, intitulada *Notificación de la Adjudicación*, recoge los criterios que debe contener la determinación final, una vez adjudicada la subasta. A tales efectos, la adjudicación debe notificarse por correo federal certificado con acuse de recibo o correo electrónico a todas las partes que tengan derecho a impugnar tal determinación, entiéndase, a todos los licitadores participantes del proceso. La notificación deberá incluir:

i.    Los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas;

ii.   Los factores o criterios que se tomaron en cuanta para adjudicar la subasta;

iii.  Los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y

iv.   La disponibilidad y el plazo para solicitar la revisión administrativa y revisión judicial.[40]

---

[37] Ley Núm. 73 de 23 de julio de 2019, 3 LPRA § 9831 y siguientes. *Exposición de Motivos*, 2019 LPR 73.

[38] Reglamento Núm. 9230 de 18 de noviembre de 2019.

[39] Véase, *Propósito* del Reglamento Núm. 9230, *supra*, en el Capítulo 1, Artículo 1.3

[40] (Énfasis nuestro.)

## - III –

En su primer señalamiento de error, BORÍKEN puntea que incidió el PRBP al difundir la *Notificación de Adjudicación* del RFP PRBP-2024-CPE-PRBIF-001 por ser deficiente y nula. Razona que la *Notificación de Adjudicación* omitió incluir: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas, (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y, 4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. Por ello, priva a los proponentes perdidosos de su derecho de impugnar dicha adjudicación y acudir en revisión judicial.

En el segundo señalamiento de error, apuntala que infringió en su adjudicación a favor de OCEAN/TETRA cuya propuesta no cumplió con los requisitos mínimos esenciales y materiales de ley, reglamento y del RFP debió ser descalificada.

Por su parte, la OGP señaló que, al ser una dependencia gubernamental adscrita a la OFICINA DE LA GOBERNADORA por virtud de la *Ley Orgánica de la Oficina de Gerencia y Presupuesto,* mejor conocida como la Ley Núm. 147-1980, está excluida de la aplicación de la *Ley de Procedimiento Administrativo Uniforme*, por disposición expresa del estatuto. Afirma que no existe un reglamento promulgado por la OGP que concierte los procedimientos de licitación pública dirigidos a la contratación de servicios profesionales. Por lo que, bajo su facultad discrecional, dispuso en el mismo documento del RFP los términos, condiciones, reglas y derechos de las partes durante el proceso, incluyendo el derecho a revisión judicial. De la misma manera, elucida que el hecho de que el aviso de adjudicación del RFP no contenga los datos requeridos por la LPAU, no implica en modo alguno que BORÍKEN quedara privada de ejercer su derecho a impugnarla ante el Tribunal de Apelaciones.

La *Notificación de Adjudicación* cursada el 14 de mayo de 2025 a **BORÍKEN** precisó:

"Dear Mr. Costas,

The Puerto Rico Broadband Program of the Puerto Rico Office of Management and Bugdet ("Program") has completed the review and analysis of proposals received under the captioned procurement process ("RFP"), including the proposal submitted by your firm ("Proposal").

We regret to inform you that after careful evaluation, the Program has determined that the Proposal was not the most advantageous for the Services requested through the RFP.

The Program sincerely values the time and dedication your firm invested in the RFP process and warmly encourages your continued participation in upcoming procurement opportunities."

Si bien es cierto que la **OGP** proveyó la información solicitada por **BORÍKEN SUBSEAS**, es decir, el expediente completo y el detalle de las propuestas de los demás licitadores, la citada agencia usa el Reglamento Núm. 9230 para el proceso de reglamentación y adjudicación de las subastas. Este Reglamento requiere que la notificación de la adjudicación del **RFP** (subasta informal) contenga ciertas especificaciones al momento de anunciar el resultado a los licitadores perdidosos.[41]

Como es de notar, y según precisa el Reglamento Núm. 9230, *supra*, en la sección 7.2.17(13), la *Notificación de Adjudicación* esta desprovista de la mayoría de las formalidades. Lo cual impide que se pueda calificar como una adecuada. En específico, no contiene los nombres de todos los licitadores participantes en el **RFP**; tampoco abarca en los criterios considerados para adjudicar la referida subasta; así como los defectos, si alguno, que tuviera la propuesta de **BORÍKEN SUBSEAS** (licitador perdidoso); y mucho menos el término para solicitar la revisión administrativa y revisión judicial ante este Tribunal de Apelaciones.

---

[41] Tomamos conocimiento judicial de que la **OGP** aplica el *Reglamento 9230*, como el estatuto correspondiente para la adjudicación de las subastas de dicha agencia.

Por eso, colegimos que, cónsono con el derecho antes expuesto, ante la ausencia de una notificación adecuada que cumpla con las formalidades necesarias, la adjudicación efectuada el 14 de mayo de 2025 por el **PRBP** de la **OGP** carece de eficacia. Por ende, la adjudicación objeto de este recurso **no surte efecto** jurídico alguno y el término para acudir en *revisión judicial* ante este foro revisor no ha comenzado a transcurrir.

## - **IV** -

Por los fundamentos antes expuestos, declaramos **inoficioso** el aviso *Re: Puerto Rico Broadband Program Request for Proposals Seeking Submarine Cable Routes and Landing Station Desktop Study Services* fechado 14 de mayo de 2015 suscrito por el **PUERTO RICO BROADBAND PROGRAM** (**PRBM**) de la **OFICINA DE GERENCIA Y PRESUPUESTO**, adscrita a la **OFICINA DE LA GOBERNADORA** (**OGP**); y, por tanto, *revocamos* dicha adjudicación. Se devuelve el asunto ante el **PUERTO RICO BROADBAND PROGRAM** (**PRBM**) de la **OFICINA DE GERENCIA Y PRESUPUESTO**, adscrita a la **OFICINA DE LA GOBERNADORA** (**OGP**) y nos abstenemos de revisar cualquier asunto concerniente a los méritos de la determinación de la agencia recurrida sobre el *RFP* impugnado.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones